IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| TA-SHA LAVONNE HESTER™, by and through Ta-Sha Lavonne, Trustee and Executrix<br>Plaintiff,<br><br>v.<br><br>Florida Department of Vital Statistics, Social Security Administration, Internal Revenue Service,Florida Highway Safety and Motor Vehicles, U.S. Department of the Treasury, Orange County Comptroller, Florida Department of Financial Services, Department of Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service, and the major credit bureaus including Experian, Equifax, and TransUnion. | Case No. 2025-CA-006216-O<br>DIVISION: _CIVIL -Equity____ |

## AMENDED PETITION FOR EQUITABLE RELIEF AND DAMAGES FOR EQUITABLE RELIEF, DAMAGES, AND TRUST RECONSTRUCTION

Plaintiff Ta-Sha Lavonne Hester is a living woman, proceeding as Trustee, Executrix, and Beneficiary of her private estate and trust, files this civil equity complaint seeking relief from the unauthorized creation, use, and exploitation of her legal estate by multiple government, financial, and custodial institutions.

**PARTIES**

1. Plaintiff, Ta-Sha Lavonne Hester is the living woman, domiciled at 9048 Summit Centre Way, Apt. 108, Orlando, Florida 32810, appearing in her private capacity as Trustee, Executrix, and Beneficiary of the TA-SHA LAVONNE HESTER™ Estate and Ecclesiastical Trust.

2. Defendants include the Florida Department of Vital Statistics, Social Security Administration, Internal Revenue Service, F lorida Highway Safety and Motor Vehicles U.S. Department of the Treasury, Orange County Comptroller, Florida Department of Financial Services, Department of Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service and the major credit bureaus including Experian, Equifax, and TransUnion. Additional parties may be named after discovery.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to Article V of the Florida Constitution and the Florida Statutes, including Chapters 26 and 86, granting this Court authority to hear civil

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

matters in law and equity. Venue is proper in Orange County, Florida, because the Plaintiff resides here, and the events giving rise to this petition, including administrative actions and fiduciary breaches, occurred within this jurisdiction.

## CAUSES OF ACTION UNDER FLORIDA LAW

1. **Forced Labor and Involuntary Servitude**
   Plaintiff alleges violation of her liberty through non-consensual labor compelled by government-affiliated custodians. Under **Florida Statutes § 787.06(3)(a)**, it is unlawful to knowingly or recklessly engage in trafficking of a person for labor or services. This conduct constitutes coercion and violates the Plaintiff's rights as protected by **Florida Constitution, Article I, Section 2**, which prohibits involuntary servitude.

2. **Human Trafficking Through Identity Exploitation**
   Plaintiff asserts that the unauthorized use and monetization of her legal name, birthright estate, and personal identifiers constitutes trafficking in violation of **Florida Statutes § 787.06(3)(f) and (g)**, which prohibit coercion or unauthorized benefit from the trafficking of persons for labor or services. Public and private custodians who knowingly profited from such unauthorized uses are in direct violation of this provision.

3. **Debt Bondage by Unauthorized Commercial Conversion**
   The Plaintiff alleges the unlawful use of her estate's legal identity to create or enforce financial obligations without consent. Under **Florida Statutes § 787.06(2)(d)**, "debt bondage" occurs when services are demanded for repayment of an unliquidated or falsified debt. The practice of presuming financial obligations through manipulated scoring or silent contracts tied to estate securities meets this statutory definition.

4. **Identity Theft and Misappropriation of Identifiers**
   Plaintiff alleges that her personal identifiers, including her birth certificate, Social Security Number (as recorded by the state), and affiliated accounts, were fraudulently used without her consent. This constitutes a violation of **Florida Statutes § 817.568**, which criminalizes the unauthorized use or possession of personal identifying information. Further, **§ 817.5681** holds custodians liable for failing to protect such data from misuse or breach.

5. **Breach of Fiduciary Duty by Custodians and Financial Institutions**
   Plaintiff alleges that public officials and financial entities profited from holding or managing her estate interests without lawful disclosure or accounting. This conduct violates **Florida Statutes § 655.055**, which prohibits fiduciaries from

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

gaining through undisclosed or unauthorized means. Additionally, **§ 518.11** (Prudent Investor Rule) requires all fiduciaries to manage assets solely in the best interests of the beneficiary, a standard not met in Plaintiff's case.

6. **Economic Harm and Captivity Through Risk-Based Profiling**
Plaintiff has endured homelessness, denial of credit, and exclusion from essential services due to improper risk-based algorithms applied to her identifiers. This discriminatory treatment contravenes **Florida Statutes § 760.01 et seq.**, the Florida Civil Rights Act, which protects individuals from economic discrimination and ensures access to credit, employment, and housing.

7. **Constructive Trust by State Through Birth Certificate Registration**
Plaintiff asserts that a constructive trust estate was initiated by state fiduciaries at the time of her birth through the issuance of a birth certificate by the **Florida Department of Health**, without disclosure, consent, or fiduciary accountability. This administrative act, in combination with the mishandling of identifiers by public custodians, violates **Florida Statutes § 382.013 and § 382.016**, governing the registration of vital records. The commercial misuse of that record further implicates **§ 655.055 and § 817.568**, supporting Plaintiff's claim of non-consensual debt bonding and identity exploitation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue injunctive relief to prevent further exploitation of the Plaintiff's estate.
2. Order equitable liquidation and accounting of all constructive trusts and accounts tied to the estate.
3. Award monetary damages and disgorgement of all unjust enrichment.
4. Recognize Plaintiff's ecclesiastical and private trust authority over her estate.
5. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

By: _____
Ta-Sha Lavonne Hester, Trustee and Executrix
9048 Summit Centre Way, Apt. 108
Orlando, Florida 32810
Email:tashahesterestate@gmail.com