

**User Name:** Krystal Carper

**Date and Time:** Thursday, September 4, 2025 2:59□ PM EDT

**Job Number:** 261939451

## Document (1)

1. *482025CA006216A001OX, TA SHA LAVONNE HESTERvs.INTERNAL REVENUE SERVICE et al.*

   **Client/Matter:** -None-

   **Search Terms:** number(482025CA006216A001OX)

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Dockets | Case Status: Open,Unknown,Closed |

## *482025CA006216A001OX, TA SHA LAVONNE HESTERvs.INTERNAL REVENUE SERVICE et al.*

FL Circuit & County - Orange

Div 37

**This case was retrieved on 09/04/2025**

# Header

**Case Number:** 482025CA006216A001OX
**Date Filed:** 07/01/2025
**Date Full Case Retrieved:** 09/04/2025
**Status:** Open
**Misc:** (682) Trust Litigation; Civil

# Summary

**Judge**: Luis F Calderon
**Local Case Number**: 2025-CA-006216-O
**Case Type**: Civil

# Participants

| Litigants | Attorneys |
|---|---|
| TA SHA LAVONNE HESTER<br>**Plaintiff** | TA SHA LAVONNE HESTER<br>Plaintiff<br>689-444-7772 |
| BUREAU OF THE FISCAL SERVICE<br>**Defendant** | |
| DEPARTMENT OF EDUCATION,<br>**Defendant** | |
| DTCC,<br>**Defendant** | |
| EQUIFAX,<br>**Defendant** | |
| EXPERIAN<br>**Defendant** | |
| F LORIDA HIGHWAY SAFETY AND MOTOR VEHICLES<br>**Defendant** | |
| FLORIDA DEPARTMENT OF FINANCIAL SERVICES<br>**Defendant** | |
| FLORIDA DEPARTMENT OF VITAL STATISTICS<br>**Defendant** | |
| GSA<br>**Defendant** | |
| INTERNAL REVENUE SERVICE<br>**Defendant** | |
| ORANGE COUNTY COMPTROLLER<br>**Defendant** | |
| SOCIAL SECURITY ADMINISTRATION<br>**Defendant** | |
| TRANSUNION.<br>**Defendant** | |

482025CA006216A001OX, TA SHA LAVONNE HESTERvs.INTERNAL REVENUE SERVICE et al.

| Litigants | Attorneys |
|---|---|
| U.S. ARMY,<br>**Defendant** | |
| U.S. DEPARTMENT OF THE TREASURY<br>**Defendant** | |

## Hearings

| Date | Time | Details |
|---|---|---|
| 9/2/2025 | 2:00 PM | Motion - Calderon, Luis F (Actual: Calderon, Luis F) |
| | | Judge: Luis F Calderon |
| 8/1/2025 | 11:45 AM | Summary Judgment - Calderon, Luis F (Actual: Calderon, Luis F) |
| | | Room: Video/Audio/Tele Conference |
| | | Judge: Luis F Calderon |
| 8/1/2025 | 11:45 AM | Summary Judgment - Calderon, Luis F (Actual: Calderon, Luis F) |
| | | Room: Hearing Room 1100.01 |
| | | Judge: Luis F Calderon |

## Financial Summary

| Description | Paid On | Paid By | Amount Paid |
|---|---|---|---|
| Transaction Assessment | 7/1/2025 | | 400.00 |
| Transaction Assessment | 7/31/2025 | | -400.00 |
| Transaction Assessment | 8/1/2025 | | 162.50 |
| Transaction Assessment | 8/4/2025 | | 12.50 |
| Transaction Assessment | 8/4/2025 | | -162.50 |
| Transaction Assessment | 8/4/2025 | | -12.50 |
| Transaction Assessment | 8/4/2025 | | 10.00 |
| Transaction Assessment | 8/4/2025 | | -10.00 |
| Transaction Assessment | 8/4/2025 | | 175.00 |
| Transaction Assessment | 8/4/2025 | | 175.00 |
| Transaction Assessment | 8/4/2025 | | 175.00 |
| Transaction Assessment | 9/2/2025 | | 7.50 |
| Transaction Assessment | 9/2/2025 | | -7.50 |
| Balance Due: | | | 525.00 |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 07/01/2025 | | Motion for Hearing | PageCount 2 |
| 07/01/2025 | | Certificate of Exhibits | PageCount 15 |
| 07/01/2025 | | Motion | PageCount 2 |
| 07/01/2025 | | Complaint | PageCount 2 |

482025CA006216A001OX, TA SHA LAVONNE HESTERvs.INTERNAL REVENUE SERVICE et al.

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 07/01/2025 | | Directions to Clerk | PageCount 2 |
| 07/01/2025 | | Civil Cover Sheet | PageCount 3 |
| 07/01/2025 | | Case Initiated | |
| 07/02/2025 | | Uniform Order Setting Case for Non-Jury/Pretrial-Streamlined | PageCount 10 |
| 07/13/2025 | | Affidavit of Compliance | PageCount 4 |
| 07/14/2025 | | Affidavit 2025-CA-006216-O | PageCount 5 |
| 07/14/2025 | | Affidavit ELECTRONIC DOCUMENT CERTIFICATION | PageCount 3 |
| 07/14/2025 | | Affidavit ELECTRONIC DOCUMENT CERTIFICATION | PageCount 3 |
| 07/14/2025 | | Affidavit ELECTRONIC DOCUMENT CERTIFICATION | PageCount 3 |
| 07/15/2025 | | Order Denying Affidavit of Trustee's Emergency Motion for Injunctive Relief as an Emergency and Setting in-Person Hearing- 8/1/2025 at 11:45am | PageCount 3 |
| 07/24/2025 | | Certificate of Service | PageCount 32 |
| 07/30/2025 | | Affidavit OF TRUSTEE CAPACITY | PageCount 2 |
| 07/30/2025 | | Petition VERIFIED PETITION FOR EQUITABLE LIQUIDATION OF CONSTRUCTIVE TRUST ESTATE | PageCount 2 |
| 07/30/2025 | | Notice of Filing VERIFIED PETITION AND PROPOSED ORDER | PageCount 1 |
| 07/31/2025 | | Clerks Determination for Indigency is Approved emailed pro-se- INDIGENT | PageCount 2 |
| 07/31/2025 | | Application for Insolvency and Indigency For Clerk Review | PageCount 2 |
| 07/31/2025 | | Memorandum | PageCount 2 |
| 08/01/2025 | | Court Minutes | PageCount 2 |
| 08/01/2025 | | Application for Insolvency and Indigency For Clerk Review | PageCount 2 |
| 08/01/2025 | | Notice of Filing Note | PageCount 1 |
| 08/01/2025 | | Amended Complaint | PageCount 3 |
| 08/01/2025 | | Letter FROM PLAINTIFF, TA SHA LAVONNE HESTER | PageCount 1 |
| 08/01/2025 | | HEARING - Summary Judgment - Calderon, Luis F (Actual: Calderon, Luis F) | |
| 08/01/2025 | | HEARING - Summary Judgment - Calderon, | |

482025CA006216A001OX, TA SHA LAVONNE HESTERvs.INTERNAL REVENUE SERVICE et al.

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| | | Luis F (Actual: Calderon, Luis F) | |
| 08/04/2025 | | Service Document Unable to be Issued The proposed summonses does not have name of other defendants in the heading of the proposed summons. | |
| 08/04/2025 | | Service Document Unable to be Issued DEFENDANTS NAME DOES NOT MATCH PER AMENDED COMPLAINT AND DOC SHOULD BE SUBMITTED SEPERATELY | |
| 08/04/2025 | | Service Document Unable to be Issued DEFENDANT NAME IS NOT MATCHING AS PER THE COMPLAINT | |
| 08/04/2025 | | Clerks Determination for Indigency is Approved INDIGENT | PageCount 2 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/05/2025 | | Summons Issued Electronically as to EM ATTY | PageCount 1 |
| 08/11/2025 | | Certificate of Service | PageCount 5 |

482025CA006216A001OX, TA SHA LAVONNE HESTERvs.INTERNAL REVENUE SERVICE et al.

| Date | # | Proceeding Text | Details |
|------|---|-----------------|---------|
| 08/13/2025 | | Answer & Affirmative Defenses The State of Florida, Department of Health, Bureau of Vital Statistics | PageCount 2 |
| 08/14/2025 | | Petition or Motion to Strike Affirmative Defense | PageCount 3 |
| 08/14/2025 | | Affidavit in Support | PageCount 19 |
| 08/14/2025 | | Affidavit OF TRUTH AND REBUTTAL TO DEFENDANT ANSWER AND AFFIRMATIVE DEFENSE | PageCount 19 |
| 08/19/2025 | | Notice of Hearing 9/2/2025 @ 2:00 p.m. | PageCount 1 |
| 08/25/2025 | | Motion to Dismiss THE COMPLAINT | PageCount 4 |
| 09/01/2025 | | Petition or Motion to Strike DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF REAL PARTY IN INTEREST APPEARANCE-SENT TO JUDGE | PageCount 2 |
| 09/02/2025 | | Court Minutes | PageCount 2 |
| 09/02/2025 | | Copy or Copies of Default | PageCount 2 |
| 09/02/2025 | | Motion to Dismiss AMENDED COMPLAINT | PageCount 5 |
| 09/02/2025 | | Motion and Entry of Clerk Default Emailed | PageCount 2 |
| 09/02/2025 | | Motion for Default | PageCount 2 |
| 09/02/2025 | | HEARING - Motion - Calderon, Luis F (Actual: Calderon, Luis F) | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>Abacus Global Management Inc</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Alan Buerger, Coventry First LLC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☐ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☒ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  4

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.      DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason D Sternberg            Fla. Bar # 72887
       Attorney or party                  (Bar # if attorney)

Jason D Sternberg                06/30/2025
 (type or print name)             Date

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No:_____

Ta-Sha Lavonne Hester,
in her private capacity as executrix and trustee
of the TA-SHA LAVONNE HESTER™ Ecclesiastical trust,
Plaintiff and Equitable Petitioner,

## AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

BEFORE ME, the undersigned authority, personally appeared Ta-Sha Lavonne Hester, who being duly sworn, deposes and says as follows:

1. I am the duly appointed and recorded Trustee and Executrix of the TA-SHA LAVONNE HESTER™ Ecclesiastical Trust (the "Trust"), lawfully established and operating under Florida Statutes Chapter 736 – Florida Trust Code.

2. I submit this Affidavit in support of the Verified Complaint filed contemporaneously herewith. I have personal knowledge of the facts stated herein, and if called to testify, I would and could testify competently to the same.

3. The Trust has a vested beneficial and administrative interest in the legal estate captioned under the name TA-SHA LAVONNE HESTER, which is also a federally registered service mark (USPTO Reg. No. 7,664,417) and recorded intellectual property (CBP TMK No. 25-04313).

4. On 04/09/2025, I filed a Notice of Trust and related documentation with the Court, asserting lawful fiduciary control over the estate assets. No Letters of Administration are required for private trust administration under Florida Statutes § 736.0701 and § 736.0816.

5. Subsequent judicial interference, including denial of filings and orders purporting to limit my fiduciary access to the record, constitute obstruction and impairment of trust administration under color of law.

6. Without relief from this Court, the Trust and its beneficiaries will suffer irreparable harm, including loss of estate assets, breach of fiduciary duty, and deprivation of rights secured under Florida Trust Code and trust contract.

WHEREFORE, I respectfully request that this Honorable Court grant the relief requested in the Verified Complaint.

FURTHER AFFIANT SAYETH NAUGHT.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

By _Ta-Sha Lavonne Hester_

Ta-Sha Lavonne Hester

Trustee, TA-SHA LAVONNE HESTER ECCLESTICAL Trust

STATE OF FLORIDA
COUNTY OF _Orange_

Sworn to (or affirmed) and subscribed before me by means of ☑ physical presence or ☐
online notarization, this _1st_ day of _July_, 2025, by Ta-Sha Lavonne Hester, who is
personally known to me or has produced _H536812557W_ as identification.

_Sherie Rogers_

Notary Public
Print Name: _Sherie Rogers_
Commission No.: _HH263846_
My Commission Expires: _5-11-2026_

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No: _____

Ta-Sha Lavonne Hester,
in her private capacity as executrix and trustee
of the TA-SHA LAVONNE HESTER™ Ecclesiastical trust,
Plaintiff and Equitable Petitioner,

## AFFIDAVIT OF AUTHENTICITY AND CERTIFICATE OF RECORD

I, Ta-Sha Lavonne Hester, Trustee of the TA-SHA LAVONNE HESTER ECCLESIASTICAL
TRUST, do hereby affirm, attest, and certify under penalty of perjury under the laws of the
united States of America, that the following attached exhibits are true, correct, and complete
records, held in trust and incorporated by reference into the matter for which they are
submitted. These documents are maintained in the official trust ledger and estate archives
as part of lawful administrative and fiduciary duties.

The following is a complete and authenticated list of exhibits:

- Exhibit A – Exemplification Certificate
- Exhibit B – Order Setting Aside Exemplification
- Exhibit C – Order Denying Leave of Absence (LOA)
- Exhibit D – Order on Motion to Clarify Denial
- Exhibit E – USPTO Trademark Registration
- Exhibit F – CBP Recordation Certificate
- Exhibit G – UCC-1 Financing Statement
- Exhibit H – Motion to Strike

I certify that each document listed above was either obtained from the issuing authority,
lawfully created under fiduciary capacity, or maintained in the trust's secured records.

Respectfully signed and certified on this day, July 1, 2025.

By: _____
**Ta-Sha Lavonne Hester, Trustee**
TA-SHA LAVONNE HESTER ECCLESIASTICAL TRUST
Without Prejudice, UCC 1-308

State of Florida
County of Orange

Sworn to and subscribed before me this ___ day of July, 2025,
by Ta-Sha Lavonne Hester, known to me or proven by identification.

Signature of Notary Public: _____

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Print Name: _Sherie Rogers_

Commission No.: _HH 263846_

My Commission Expires: _5-11-2026_

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

**PROBATE MENTAL HEALTH DIVISION**

IN RE:

     TA SHA LAVONNE HESTER

**DECEASED**
**CASE NO:  2025-CP-001161-O**

**State of Florida**
**County of Orange**

## EXEMPLIFICATION CERTIFICATE

     I, Tiffany Moore Russell, Clerk of the Circuit Court in and for the County of Orange, State of Florida, and Custodian of the Records and of the seal of said court, DO HEREBY CERTIFY that the attached is a true and correct redacted copies of the documents as they appear on the record, including **LETTERS OF ADMINISTRATION, which remain in full force and effect:**

     IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this 23rd day of April, 2025.

     Tiffany Moore Russell, Clerk of the Court

     Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**State of Florida**
**County of Orange**

     I, No Judicial Officer Assigned, one of the judges of the Ninth Judicial Circuit of the State of Florida and of the Circuit Court of Orange County, Florida, DO HEREBY CERTIFY that the foregoing attestation is in due form and made by the proper officer.

     WITNESS my hand and seal of said court this 24th day of April, 2025

     No Judicial Officer Assigned, Circuit Judge

1

**State of Florida**
**County of Orange**

I, Tiffany Moore Russell, Clerk of the Circuit Court in and for the County of Orange, State of Florida, DO HEREBY CERTIFY that the Honorable No Judicial Officer Assigned, who signed the foregoing attestation, is a duly commissioned and qualified judge of the Ninth Judicial Circuit of the State of Florida for Orange County.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this the 25 day of April, 2025.

Tiffany Moore Russell, Clerk of the Court

Deputy Clerk

2

Filing # 224301678 E-Filed 06/02/2025 10:20:26 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

IN RE:

PROBATE MENTAL HEALTH DIVISION
**CASE NUMBER:** 2025-CP-001161-O

TA SHA LAVONNE HESTER
_____/

## ORDER SETTING ASIDE EXEMPLICATION CERTIFICATE

THIS CAUSE having come before the Court and the Court being otherwise duly advised in the premises it is hereby

**ORDERED and ADJUDGED** that the Exemplification Certificate entered on April 25, 2025 is hereby vacated and set aside. This case is a Notice of Trust and Letters of Administration were not issued on this case. The exemplification certificate was issued in error.

DONE AND ORDERED on this 2nd day of June, 2025.

06/02/2025 10:13:02
2025 CP 001161 O

eSigned by Lisa T. Munyon  06/02/2025 10:13:02 vz2PkcAD

Lisa T. Munyon
Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this 2nd day of June, 2025 by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System.

Judicial Assistant

1

Filing # 224301733 E-Filed 06/02/2025 10:20:46 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

IN RE:

PROBATE MENTAL HEALTH DIVISION
**CASE NUMBER:** 2025-CP-001161-O

TA SHA LAVONNE HESTER

_____/

### ORDER DENYING ECCLESIASTICAL LETTERS OF ADMINISTRATION

THIS CAUSE having come before the Court and the Court being otherwise duly advised in the premises it is hereby

**ORDERED and ADJUDGED** that the motion to issue "Ecclesiastical Letters of Administration" is hereby DENIED. This case is a Notice of Trust. Under Florida law, Letters of Administration are issued only in the formal administration of a probate action, which has many legal requirements, none of which are met by the documents filed in this case. Florida law does authorize issuance of "ecclesiastical letters of administration" in any probate or trust action.

DONE AND ORDERED on this 2nd day of June, 2025.

06/02/2025 10:19:53
2025-CP-001161-O

eSigned by Lisa T. Munyon 06/02/2025 10:19:53 azKF8wLZ

_____
Lisa T. Munyon
Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this 2nd day of June, 2025 by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System.

Judicial Assistant

1

Filing # 224695505 E-Filed 06/06/2025 10:47:13 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

IN RE:

PROBATE MENTAL HEALTH DIVISION
**CASE NUMBER:** 2025-CP-001161-O

TA SHA LAVONNE HESTER

_____/

## ORDER ON MOTION FOR RECONSIDERATION AND CLARIFICATION OF ORDER DENYING ECCLESIASTICAL LETTERS OF ADMINISTRATION

THIS CAUSE having come before the Court and the Court being otherwise duly advised in the premises it is hereby

**ORDERED and ADJUDGED** that the Motion for Reconsideration and Clarification of Order Denying Ecclesiastical Letters of Administration is hereby denied.

DONE AND ORDERED on this 6th day of June, 2025.

06/06/2025 10:46:53
2025-CP-001161-O
eSigned by Lisa T. Munyon  06/06/2025 10:46:53 s1nUDjuV

Lisa T. Munyon
Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this 6th day of June, 2025 by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System.

Judicial Assistant

1

Exhibit E

# United States of America
## United States Patent and Trademark Office

# TA-SHA LAVONNE HESTER

**Reg. No. 7,664,417**

**Registered Jan. 21, 2025**

**Int. Cl.: 36**

**Service Mark**

**Principal Register**

Hester, Ta-sha Lavonne  (UNITED STATES INDIVIDUAL)
5178 Stone Harbour Road
Orlando, FLORIDA 32808

CLASS 36: Financial consultancy; Financial information and advisory services

FIRST USE 8-6-1985; IN COMMERCE 7-30-2003

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The name TA-SHA LAVONNE HESTER identifies a living individual whose consent is of record.

SER. NO. 98-043,281, FILED 06-14-2023





Acting Director of the United States Patent and Trademark Office



Exhibit F

🇺🇸 **An official website of the United States government**  Here's how you know ∨

Search CBP.gov 🔍

(//www.cbp.gov)

Home (/s/)

| | |
|---|---|
| **Customs Recordation Number** | **CBP Recordation Effective Date** |
| TMK 25-04313 | 2025-06-27 |
| | **CBP Recordation Expiration** |
| | 2035-04-21 |

## Recordation Information

**Title**
TA-SHA LAVONNE HESTER

**Product**
IC 036 Financial consultancy; Financial information and advisory services

**Description**
Standard Character Word Mark TA-SHA LAVONNE HESTER

**Owner of Intellectual Property Right**
Ta-sha Lavonne Hester

**Gray Market Importations Restricted**
No

**Registration Number**
7664417

**Point of Contact**
Ta-Sha Hester
Email Address 1: tashahesterestate@gmail.com (mailto:tashahesterestate%40gmail.com?
subject=Inquiry from CBP Concerning TMK 25-04313)
Phone: 6894447772

About (https://www.cbp.gov/about)   |   Accessibility (https://www.cbp.gov/site-policy-notices/accessibility)   |   Accountability (https://www.cbp.gov/newsroom/publications/performance-accountability-financial)   |   DHS Components (https://www.cbp.gov/dhs-component-websites)   |   FOIA (https://www.cbp.gov/site-policy-notices/foia)   |   Forms (https://www.cbp.gov/newsroom/publications/forms)   |   Inspector General (https://www.oig.dhs.gov/)   |   No FEAR Act (https://www.cbp.gov/about/eeo-diversity/no-fear-act)   |   Privacy Statement (https://www.cbp.gov/site-policy-notices/privacy-policy)   |   Site Policies (https://www.cbp.gov/site-policy-notices)   |   The White House (https://www.whitehouse.gov/)   |   USA.gov (http://usa.gov/)   |   Plug-ins (https://www.cbp.gov/plug-in-information)

Exhibit G

## STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**
TA-SHA HESTER; 6894447772

**B. Email** TASHAHESTERESTATE@GMAIL.COM

**C. SEND ACKNOWLEDGEMENT TO:**
Name
Address
Address
City/State/Zip

Florida Secured Transaction Registry

# FILED

2025 Apr 17 11:49 AM

********* 202500965579 *********

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

---

**1. DEBTOR'S  EXACT FULL LEGAL NAME  - INSERT ONLY  ONE DEBTOR NAME  (1a OR 1b) - Do Not Abbreviate or Combine Names**

| 1.a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| TA-SHA LAVONNE HESTER DECEDENT / DECEASED PERSON | | | | |
| 1.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1.c MAILING ADDRESS Line One 5178 STONE HARBOUR RD | | This space not available. | | |
| MAILING ADDRESS Line Two | CITY ORLANDO | STATE FL | POSTAL CODE 32808 | COUNTRY USA |

**2. ADDITIONAL DEBTOR'S   EXACT FULL LEGAL NAME  - INSERT ONLY  ONE DEBTOR NAME  (2a OR 2b)  - Do Not Abbreviate or Combine Names**

| 2.a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2.c MAILING ADDRESS Line One | | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY **ONE SECURED PARTY  (3a OR 3b)**

| 3.a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3.b INDIVIDUAL'S SURNAME HESTER | FIRST PERSONAL NAME TA-SHA LAVONNE | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX TRUSTEE |
| 3.c MAILING ADDRESS Line One OFFICE OF THE EXECUTRIX | | This space not available. | | |
| MAILING ADDRESS Line Two GENERAL POST OFFICE C/O P.O. BOX 680765 | CITY ORLANDO | STATE FL | POSTAL CODE 32868-9998 | COUNTRY USA |

**4. This FINANCING STATEMENT** covers the following collateral:

THIS UCC FINANCING STATEMENT SECURES THE LAWFUL AND SUPERIOR INTEREST OF THE LIVING WOMAN, TA-SHA LAVONNE HESTER, IN HER PRIVATE FIDUCIARY CAPACITY AS TRUSTEE OF THE TA-SHA LAVONNE HESTER™ ECCLESIASTICAL TRUST, A NON-STATUTORY PRIVATE TRUST OPERATING UNDER GOD'S LAW, COMMON LAW, AND SPIRITUAL JURISDICTION, IMMUNE FROM STATE OR FEDERAL INTERFERENCE. THE DEBTOR, TA-SHA LAVONNE HESTER, IS A DECEDENT ESTATE, LEGAL FICTION, AND FOREIGN SITUS TRUST ENTITY, EVIDENCED BY THE NAME AS REGISTERED IN ALL-CAPITAL LETTERS ON THE BIRTH CERTIFICATE, SOCIAL SECURITY ADMINISTRATION RECORDS, IRS RECORDS, AND COMMERCIAL DATABASES. THIS ESTATE IS CURRENTLY SUBJECT TO PROBATE CASE NO. 2025-CP-001161-O FILED IN ORANGE COUNTY, FLORIDA. THIS FINANCING STATEMENT SECURES ALL RIGHTS, TITLES, INTERESTS, ENTITLEMENTS, PROCEEDS, AND ASSETS BOTH KNOWN AND UNKNOWN, TANGIBLE AND INTANGIBLE, REAL AND PERSONAL, DUE OR OWING TO THE DECEDENT ESTATE, ITS TRUST ACCOUNTS, OR ANY DERIVATIVE THEREOF. THIS INCLUDES BUT IS NOT

---

**5. ALTERNATE DESIGNATION** (if applicable)  ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR   ☐ AG LIEN   ☐ NON-UCC FILING   ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** – YOU ARE REQUIRED TO CHECK **EXACTLY ONE BOX**

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

DECEDENT ESTATE – CASE 2025-CP-001161-O

---

STANDARD FORM - FORM UCC-1 (REV.05/2013)          Filing Office Copy          Approved by the Secretary of State, State of Florida

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE
# FINANCING STATEMENT FORM – ADDENDUM

## 8. NAME OF FIRST DEBTOR (1aOR 1b) ON RELATED FINANCING STATEMENT

8a. ORGANIZATION'S NAME
TA-SHA LAVONNE HESTER DECEDENT / DECEASED PERSON

| 8b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

## 9. MISCELLANEOUS:
SECURED INTEREST IN ESTATE ASSETS, TRUST RES, AND PROBATE-REGISTERED PROPERTY OF TA-SHA LAVONNE HESTER, PER CASE 2025-CP-001161-O, HELD IN TRUST BY PRIVATE ECCLESIASTICAL TRUSTEE.

## 10. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - INSERT ONLY ONE DEBTOR NAME (10a OR 10b) - Do Not Abbreviate or Combine Names

10.a ORGANIZATION'S NAME

| 10.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 10.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

## 11. ADDITIONAL SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (11a OR 11b)

11.a ORGANIZATION'S NAME

| 11.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 11.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

12. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

13. Description of real estate:
ALL TRUST INTEREST, TITLE RIGHTS, FILED IN CASE NO. 2025-CP-001161-O

14. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):
OFFICE OF THE EXECUTRIX  TA-SHA LAVONNE HESTER™ ESTATE  C/O P.O. BOX 680765  ORLANDO, FLORIDA 32810-9998  NON-DOMESTIC, WITHOUT THE UNITED STATES

15. Additional collateral description:
THIS FILING SECURES ALL REAL AND PERSONAL PROPERTY, TRUST INSTRUMENTS, ESTATE ASSETS, CUSIP-LINKED CERTIFICATES, AND INTERESTS IN SECURITIES AND ACCOUNTS TITLED IN OR RELATED TO THE LEGAL ESTATE OF TA-SHA LAVONNE HESTER AND RECORDED IN THE REFERENCED PROBATE CASE.

16. Check only if applicable and check only one box.
Collateral is ☑ Held in Trust
☐ Being administered by Decedent's Personal Representative

17. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction – effective 30 years

STANDARD FORM - FORM UCC-1 ADDENDUM (REV.05/2013)          Filing Office Copy          Approved by the Secretary of State, State of Florida

**STATE OF FLORIDA UNIFORM COMMERCIAL CODE**
**FINANCING STATEMENT FORM – ADDITIONAL INFORMATION**

**18. NAME OF FIRST DEBTOR (1a OR 1b) ON RELATED FINANCING STATEMENT**

| 18a. ORGANIZATION'S NAME |
|---|
| TA-SHA LAVONNE HESTER DECEDENT / DECEASED PERSON |

| 18b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**19. ADDITIONAL COLLATERAL DESCRIPTION:**

LIMITED TO: • ALL REGISTERED SECURITIES, INCLUDING BUT NOT LIMITED TO CUSIP-LINKED INSTRUMENTS TIED TO THE BIRTH CERTIFICATE 109-85087917, SSN ███████ UNT ███████ AND RELATED IDENTIFIERS; • ALL TRUST RES, INCLUDING CONTRACTUAL RIGHTS, SETTLEMENT INSTRUMENTS, BILLS OF EXCHANGE, INDEMNITY BONDS, PROMISSORY NOTES, AND 1099-REPORTABLE OFFSETS; • ALL IRS-REPORTED INCOME STREAMS, CLAIMS, OR LIABILITIES PRESUMED TO ARISE FROM THE LIVING WOMAN'S LABOR, WHICH IS REBUTTED AS NON-TAXABLE PRIVATE ACTIVITY UNDER SPIRITUAL JURISDICTION; • ALL PHYSICAL AND INTELLECTUAL PROPERTY RIGHTS INCLUDING THE LEGAL NAME (™ TRADEMARKED), THE AUTHENTICATED BIRTH RECORD, REGISTERED CERTIFICATES, AND ALL COMMERCIAL USE THEREOF; • ALL PROPERTY RECORDED IN THE NAME OF THE DECEDENT ESTATE, INCLUDING ANY TITLES, DEEDS, CHATTEL PAPER, EQUITY SHARES, LICENSES, AND OTHER INTERESTS HELD OR CLAIMED BY BANKS, AGENCIES, OR TRUSTEES; • ANY INSURANCE POLICIES, SOCIAL SECURITY TRUST ACCOUNTS, INHERITANCE, OR ESCHEATED FUNDS ATTRIBUTED TO THE LEGAL PERSON OR ESTATE; • ALL PROCEEDS FROM TREASURYDIRECT, FEDERAL RESERVE, AND ALIEN PROPERTY CUSTODIAN RECORDS; • ALL CORRESPONDENCE, FILES, CONTRACTS, OR DOCKETS HELD BY THE SOCIAL SECURITY ADMINISTRATION, IRS, HHS, SSA, HUD, OR ANY GOVERNMENT AGENCY, WHETHER PRESUMED OR ACKNOWLEDGED, AFFECTING THE TRUST OR ESTATE. THIS FILING SECURES THE ENTIRE ESTATE CORPUS UNDER THE SPIRITUAL DOMINION AND EXCLUSIVE JURISDICTION OF THE TA-SHA LAVONNE HESTER™ ECCLESIASTICAL TRUST, AND ALL RIGHTS ARE LAWFULLY RETAINED BY THE LIVING WOMAN AS TRUSTEE AND BENEFACTOR. THE DEBTOR IS DEEMED DECEASED AS OF THE FILING OF THE NOTICE OF TRUST AND AFFIDAVIT OF MEMORIAL RECORDED ON APRIL 9, 2025, IN THE PUBLIC RECORD. ALL RIGHTS ARE HEREBY RESERVED UNDER UCC 1-308, UCC 9-203, 9-607, 9-502, 10-104, AND 50 U.S.C. §§ 4307–4309. ECCLESIASTICAL PROTECTION IS ASSERTED UNDER PUBLIC LAW 97-280, GALATIANS 4:1–7, PSALM 24:1, AND LUKE 4:18. "FOR THE EARTH IS THE LORD'S, AND THE FULLNESS THEREOF." – PSALM 24:1 "AND IF A SON, THEN AN HEIR OF GOD THROUGH CHRIST." – GALATIANS 4:7

Filing # 224814621 E-Filed 06/09/2025 12:45:48 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

IN RE: NOTICE OF TRUST OF

PROBATE MENTAL HEALTH DIVISION
**CASE NUMBER:** 2025-CP-001161-O

TA SHA LAVONNE HESTER

    Deceased.

_____/

## ORDER STRIKING IMPROPER FILINGS AND PROHIBITING FUTURE FILINGS IN THIS CASE WITHOUT LEAVE OF COURT

THIS MATTER came before the Court upon review of the court file and the filing history in this Notice of Trust case. The Court finds:

1. One or more individuals have submitted filings that are frivolous, legally deficient, or outside the scope of a proper Notice of Trust proceeding.
2. These filings seek to alter or challenge the trust in a manner that is only appropriate through a separate civil action or seek to administer a probate estate that is only appropriate in a formal probate proceeding.
3. The continued filing of such documents constitutes an abuse of judicial process and unduly burdens court resources.

**Accordingly, it is hereby ORDERED AND ADJUDGED:**

1. All previously filed documents in this case that do not conform to the procedural requirements of Chapter 736, Florida Statutes, or that were filed by individuals without standing, are hereby STRICKEN.
2. The Clerk is directed to mark such filings as stricken and take any necessary administrative action.
3. **No further filings shall be accepted in this case from any party or individual unless prior written approval is granted by this Court.**
4. Any attempted filing made in violation of this Order shall be returned by the Clerk without docketing.

    DONE AND ORDERED on this 9th day of June, 2025.

06/09/2025 12:45:27
2025-CP-001161-O

eSigned by Lisa T. Munyon_06/09/2025 12:45:27 L3BHq5VD
_____
Lisa T. Munyon
Chief Judge

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this 9th day of June, 2025 by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System.

Judicial Assistant to Judge Lisa T. Munyon

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: _____

Ta-Sha Lavonne Hester,
in her private capacity as executrix and trustee
of the TA-SHA LAVONNE HESTER Ecclesiastical trust,
Plaintiff and Equitable Petitioner,

TO: Clerk of Court
Orange County Circuit Civil Division
425 N. Orange Avenue
Orlando, Florida 32801

## PRAECIPE TO THE CLERK FOR FILING VERIFIED TRUST LITIGATION PETITION

This Praecipe is submitted by the undersigned, Ta-Sha Lavonne Hester, Trustee of the TA-SHA LAVONNE HESTER ECCLESTICAL Trust, for the purpose of instructing the Clerk of Court to file the enclosed materials under the case category of "Trust Litigation," pursuant to Chapter 736, Florida Statutes.

The enclosed filing includes the following documents:
- Affidavit of Verified Complaint for Declaratory Relief
- Affidavit in Support of Emergency Motion for Injunction
- Proposed Order
- Index of Exhibits

Please take notice that:
- No summons is requested.
- This is not a civil suit for monetary damages or a tort action.
- The relief sought is equitable, including declaratory and injunctive remedies to enforce fiduciary and administrative rights under Florida Trust Law.
- The undersigned acts in her lawful capacity as Trustee, pursuant to § 736.0701, Fla. Stat.

Accordingly, the undersigned respectfully requests that the Clerk file and assign this matter to the Circuit Civil Division under Trust Litigation and issue notice for judicial review or hearing as deemed appropriate.

Respectfully submitted,

Ta-Sha Lavonne Hester, Trustee
TA-SHA LAVONNE HESTER™ Trust
c/o P.O. Box 680765
Orlando, Florida 32868-9998
Non-Domestic, Non-Resident, Without the United States

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Print Name: _Sherie Rogers_

Commission No.: _HH 263846_

My Commission Expires: _5-11-2026_

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

Case 6:25-cv-01710-CEM-DCI Document 1-4 Filed 09/04/25 Page 29 of 49 PageID 38

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: _____

Ta-Sha Lavonne Hester,
in her private capacity as executrix and trustee
of the TA-SHA LAVONNE HESTER Ecclesiastical trust,
Plaintiff and Equitable Petitioner,

## AFFIDAVIT IN SUPPORT OF MOTION TO EXPEDITE HEARING

I, Ta-Sha Lavonne Hester, Trustee of the TA-SHA LAVONNE HESTER™ Trust, hereby declare and affirm under penalty of perjury that the following is true and correct to the best of my knowledge, belief, and understanding:

1. I am the duly appointed and acting Trustee of the TA-SHA LAVONNE HESTER ECCLESTICAL Trust, with fiduciary duties to administer and protect the trust estate under Florida Statutes Chapter 736.

2. This Verified Complaint and Motion for Injunction seek urgent equitable relief arising from administrative obstruction and deprivation of due process, which materially impairs the administration of the trust estate.

3. A prior exemplified copy of record was issued with statements indicating Letters of Administration were included; however, when presented to financial institutions and agencies for performance, I was notified the Letters were not included.

4. Upon returning to the issuing judicial officer to request a corrected copy including the missing Letters of Administration, I was met with refusal and further administrative orders that voided the initial record, thereby compounding harm to the trust.

5. The trust estate has pending matters involving the release of financial instruments, administrative documents, and interest in real property which cannot be resolved without prompt judicial clarification and injunctive protection.

6. Delay in setting this matter for hearing would result in irreparable harm to the trust and its beneficiaries, including continued deprivation of rights, inability to perfect filings, and denial of access to estate assets.

7. As Trustee, I respectfully request the Court to set this matter for an emergency or expedited hearing at the earliest possible date, in the interest of justice and to prevent further harm.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

FURTHER AFFIANT SAYETH NAUGHT.

Executed this _1st_ day of _July_ , 2025.

By _Ta-Sha Lavonne Hester_

Ta-Sha Lavonne Hester, Trustee
TA-SHA LAVONNE HESTER™ Trust
c/o P.O. Box 680765
Orlando, Florida 32868-9998
Non-Domestic, Non-Resident, Without the United States

State of Florida
County of _Orange_

Sworn to (or affirmed) and subscribed before me this _1st_ day of _July_ , 2025, by
Ta-Sha Lavonne Hester, who is personally known to me or who has produced valid
identification.

_Sherie Rogers_
Notary Public
My Commission Expires: _5-11-2026_

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

Case 6:25-cv-01710-CEM-DCI   Document 1-4   Filed 09/04/25   Page 31 of 49 PageID 40

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.:_____

Ta-Sha Lavonne Hester,
in her private capacity as executrix and trustee
of the TA-SHA LAVONNE HESTER™ Ecclesiastical trust,
Plaintiff and Equitable Petitioner,

## AFFIDAVIT IN SUPPORT OF TRUSTEE'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF

BEFORE ME, the undersigned authority, personally appeared Ta-Sha Lavonne Hester, who being duly sworn, deposes and says as follows:

1. I am the Trustee and Executrix of the TA-SHA LAVONNE HESTER™ Ecclesiastical Trust. I make this Affidavit in support of the Emergency Motion for Injunctive Relief, and state that all assertions made are based on personal knowledge and my fiduciary responsibility.

2. I have filed lawful documents in accordance with Florida Statutes §§ 736.0701, 736.0703, and 736.0816, which authorize the trustee to perform administrative duties, defend trust assets, and act without court authorization unless expressly required by statute or trust instrument.

3. The Court has entered obstructive orders without notice or hearing that impair my ability to carry out fiduciary obligations to the estate.

4. I have attempted administrative remedy with public agencies and financial institutions, but was denied due to the absence of a judicial acknowledgment of my fiduciary status, which was obstructed by the Court's orders.

5. I request that this Court issue immediate injunctive relief to prevent further interference with trust administration and estate access, and to reinstate all filings and fiduciary rights wrongfully denied.

8. The Court provided an exemplified copy of the record which on its face falsely represented that fiduciary authority and trust appointment documentation was included. Upon submission of said exemplified record to financial institutions and custodians, I was formally notified that the key filings were, in fact, missing.

9. I returned to the Court and requested either a corrected exemplified copy or an order acknowledging the original trust filings. Instead, the Court denied the request, thereby upholding a knowingly defective and incomplete record.

7. This denial obstructs trust administration and fiduciary access, in violation of due process protections under Article I, Section 9 of the Florida Constitution and Fla. Stat. § 736.1001.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
Ta-Sha Lavonne Hester

Trustee, TA-SHA LAVONNE HESTER ECCLESTICAL Trust

STATE OF FLORIDA
COUNTY OF Orange

Sworn to (or affirmed) and subscribed before me by means of ☑ physical presence or ☐
online notarization, this 1st day of July, 2025, by Ta-Sha Lavonne Hester, who is
personally known to me or has produced H368128570G as identification.

_____
Notary Public
Print Name: Sherie Rogers
Commission No.: HH 263846
My Commission Expires: 5-11-2026

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:  2025-CA-006216-O
DIVISION:  37

**TA SHA LAVONNE HESTER
ECCLESTICAL TRUST,**
      Plaintiff,
and

**ORANGE COUNTY CLERK OF
COURT ET AL,**
      Defendant.

_____/

## UNIFORM TRIAL AND CASE MANAGEMENT ORDER
### (Streamlined Track)
*(Effective January 1, 2025)*

PURSUANT TO Florida Rules of General Practice & Judicial Administration 2.250 and 2.545 and Florida Rules of Civil Procedure 1.200 and 1.440, and based on the case type designated in the initial filing (as required by AO 2021-04-03), the Court ORDERS as follows:

1.     COMPLIANCE WITH UNIFORM TRIAL AND CASE MANAGEMENT ORDER. The parties must strictly comply with the terms of this Uniform Trial and Case Management Order ("UTCMO"), unless otherwise ordered by the court. Failure to comply with all requirements of this order may result in the imposition of sanctions, up to and including dismissal of this action or the striking of pleadings and entry of default final judgment.

2.     ADDITIONAL NINTH CIRCUIT AND DIVISION-SPECIFIC GUIDELINES. All counsel and unrepresented parties must be familiar with and comply with the following: (a) Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01); (b) Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02); and (c) any division-specific guidelines published by the division (or the division judge) in which the case is pending.

3.     MODIFICATION OF THIS ORDER. The parties may not, individually or by agreement, alter or extend the deadlines in this order or waive any of the provisions of this order.

1

The provisions of this order may be modified only upon motion/stipulation and court order in accordance with applicable law.

4.    SERVICE OF THIS ORDER WITH INITIAL PROCESS. The court will issue and electronically file a UTCMO within three (3) business days after the date of filing of the initial complaint.  Any party serving an initial pleading in this case must serve a copy of this order with initial service of process.

5.    CASE MANAGEMENT. The following pretrial deadlines are imposed. All dates are to be calculated from the date of the filing of the initial complaint unless otherwise noted. These are the dates that will control this case unless modified by court order pursuant to Florida Rule of Civil Procedure 1.200.

6.    TRIAL DATE.  This case is set for a non-jury trial during the trial docket beginning **11/30/2026** in **COURTROOM 18-C** beginning at **9:30 a.m.** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801.

7.    PRETRIAL CONFERENCE.  Lead Trial Counsel, or a trial partner with full authority,[1] and unrepresented parties must attend a Pretrial Conference on **10/28/2026** in **Hearing Room 1100.01** beginning at **9:00 a.m.** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801 or remotely without leave of court at:

**https://ninthcircuit.webex.com/join/37orange**

Join by phone:  +1-904-900-2303 United States Toll

Access code:  2346 589 8852

The parties must comply with the requirements for pretrial conferences of the division to which the case is assigned.  No motions will be heard at the pretrial conference except as otherwise provided for in the division guidelines or allowed by court order.

---

[1] No other attorney may cover a pretrial conference unless they are: (i) fully prepared; (ii) have confirmed all pretrial requirements have been fulfilled, and (iii) have full authority from the client and lead counsel to make decisions about the case.

8.     CASE MANAGEMENT.  The following pretrial compliance deadlines are imposed.

All dates must be calculated from the date of filing of the initial complaint unless otherwise noted.

| Deadline for Service of Process: | 120 days |
|---|---|
| Automatic Extension for Service of Process if not perfected timely: | 30 additional days, for a total of 150 days.  If service of process is not completed by the end of the Automatic Extension, all unserved defendants are automatically dismissed without prejudice and without notice or further opportunity to be heard. |
| Initial Discovery Disclosures: | 60 days after service. *See* Fla. R. Civ. P. 1.280(a)(3). |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, and Any Objections to the Pleadings: | Must be filed, set for hearing and heard within 60 days from filing of the motion, or automatically deemed abandoned and denied without further order. |
| Disclosure of Expert Witnesses: | 275 days. |
| Deadline for Completion of Fact and Expert Discovery: | 375 days. |
| Pretrial Motions (excluding Motions in Limine), Motions for Summary Judgment and Daubert Motions: | Filed:     420 days.

Heard:   No later than 7 days prior to the Pretrial Conference or automatically deemed abandoned and denied without further order. |
| Motions in Limine: | Filed:     Prior to the Pretrial Conference.

Heard:    No later than 7 days prior to the beginning of the trial period. |
| Mediation: | Completed prior to the Pretrial Conference.

Plaintiff must submit a mediation order[2] for entry by the Court once the date of mediation has been agreed and a mediator selected. |

---

[2] All mediation orders shall contain the following language: *All parties, counsel, authorized representatives and other mediation participants are hereby ordered to turn on your video cameras (and visually appear in your video) for the duration of the mediation conference unless otherwise excused by the mediator.*

9.    EXPERT WITNESSES. The following will govern proceedings related to expert witnesses.

a.    Within the time required in Paragraph 7 above, Plaintiff must disclose the expert witnesses (including both treating and hybrid experts) that Plaintiff actually intends to present at trial.  "Experts" is specifically defined in this order (wherever used) to include retained experts, treating experts and hybrid experts.

b.    Defendant must disclose the expert witnesses that Defendant actually intends to present at trial within 15 days of Plaintiff's expert witness disclosure or the time required by Paragraph 7, whichever is later.

c.    Plaintiff must disclose all rebuttal witnesses within 15 days of Defendant's expert witness disclosure or the time required by Paragraph 7, whichever is later.

d.    As used herein, "disclose" means furnishing in writing the expert's (a) name, business address and telephone number, (b) curriculum vitae or qualifications, (c) medical specialty or field of expertise, (iv) statement of the specific subjects upon which the expert will testify and offer opinions, and (v) the party or parties against whom the expert will be called to testify. Any changes in an expert's opinion or changes in the basis of the expert's opinion must be disclosed to all parties no less than 60 days prior to the Pretrial Conference.

e.    All out-of-court testing, experiments, or physical or mental examinations by experts must be completed prior to the expert's deposition.

10.    CLOSE OF DISCOVERY. Discovery closes 375 days after the initial filing of the action. All depositions must be completed by this date.  All answers to interrogatories, responses to requests to produce, and requests for admissions must be served by this date.  This deadline may only be extended by court order.  Joint stipulations to extend this deadline (without court

order) do not alter the discovery deadline.

    11.    MOTIONS:

        a.  PRETRIAL MOTIONS *(EXCLUDING MOTIONS IN LIMINE)*, MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS. Must be filed within 420 days of the date of the filing of the initial complaint and heard no later than 7 days prior to the Pretrial Conference. Late-filed motions are subject to summary denial.

        b.  MOTIONS IN LIMINE AND MOTIONS TO EXCLUDE WITNESSES OR EVIDENCE: Motions in limine and motions to exclude witnesses or evidence must be filed and served prior to the Pretrial Conference. Motions in Limine must be scheduled and heard no later than 7 days prior to the beginning of the trial period. Motions in limine will not be heard during the trial period, absent good cause. No motion in limine may be scheduled for hearing unless it contains a certification of good faith attempt to resolve the matter at issue. Omnibus motions asking that the Court order the opposing party/counsel to comply with Florida law, the Florida Rules of Civil Procedure, and the Florida Rules of Professional Conduct are disfavored.

    12.    MOTIONS FOR SUMMARY JUDGMENT. Motions for summary judgment are subject to the deadline imposed above. Failure to respond to a motion for summary judgment within the time required by Florida Rule of Civil Procedure 1.510(b) may result in the court granting any relief available pursuant to Florida Rule of Civil Procedure 1.510(e). Refer to and comply with any division requirements for additional requirements.

    13.    EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES. No less than 60 days before the Pretrial Conference, attorneys and unrepresented parties must serve the following:

a.     A list of all witnesses including potential impeachment and rebuttal witnesses who may testify at trial. The list must: (a) provide the name, address and telephone number of the witness, and (b) specify whether the witness is a liability, damage, rebuttal, or impeachment witness.

b.     A schedule of all exhibits, including depositions, a party may offer at trial, lettered sequentially. Exhibits must be described with specificity. For example, "all medical records" is insufficient.

14.    MEETING OF COUNSEL. No later than 15 days prior to the Pretrial Conference, lead counsel and pro se parties, if any, must meet. Live or videoconference attendance at this meeting by Lead Trial Counsel is mandatory. At the meeting, the attorneys and unrepresented parties must:

a.     Discuss and attempt to settle the case.

b.     Produce all documents to be offered at trial. Exhibits must be bates-stamped.

c.     Examine, and initial every exhibit (or entry on an Exhibit Schedule) to be produced by the opposing party at trial. The parties must agree on those exhibits which will be admitted as joint exhibits and those that can be admitted without objection. The parties must identify all other exhibits and specify all objections thereto. "Exhibit Schedules" must be prepared reflecting these separate categories of exhibits for each party. The Exhibit Schedules for each party must be attached to the Joint Pretrial Statement described below. Objections not noted are waived. Exhibits marked for identification must be listed alphabetically (*e.g.*, Ex. A) and, if received in evidence, will be listed numerically (*e.g.*, Ex. 1).

d.     Review opposing parties' witness lists.  Witness lists for each party must be attached to the Joint Pretrial Statement described below.

e.     Discuss and stipulate to any facts requiring no proof at trial.

6

f.      Discuss, clarify, and frame all factual issues of fact to be tried.

g.      Identify all legal, procedural, or evidentiary issues to be decided prior to or during trial.

h.      Discuss any evidentiary stipulations.

i.      Discuss the proposed verdict forms.

j.      The Verdict Form must be emailed to the division email address to which the case is assigned in Word format no later than 3 business days before the first day of trial. The email for the Verdict form shall contain the following in the subject line of the email: "VERDICT FORM **2025-CA-006216-O**." External hard drives are discouraged. The parties must designate whether the proposed Verdict form is agreed to, or submit competing Verdict forms/ Additional division guidelines may apply.

k.      Discuss and attempt to agree upon any other matters leading to a more orderly and expeditious trial.

l.      Prepare a Pretrial Checklist if required by the division procedures of the division to which the case is assigned.  Any required checklist must be emailed (but not filed) to the division email, together with the Joint Pretrial Statement, no less than 5 days prior to the Pretrial Conference.   The email for the Checklist and the Joint Pretrial Statement must contain the following in the subject line of the email: "CHECKLIST & PTS **2025-CA-006216-O**."  Additional division guidelines may apply.

15.    JOINT PRETRIAL STATEMENT. The parties must confer on and file a Joint Pretrial Statement addressing the matters described below, no later than 5 days prior to the Pretrial Conference, with a courtesy copy sent to the division email. If the Parties are unable to agree on the contents of the Joint Pretrial Statement, the differing views should be set forth within a single Joint Pretrial Statement. The Joint Pretrial Statement must contain the following:

a.      A statement of the case to be read to the court.

b.      A statement of admitted facts that may be read at trial as a stipulation of

7

counsel.

      c.      A statement of the issues of fact to be tried.

      d.      A statement of the unresolved issues of law, procedure or evidence.

      e.      Each party's witness list.

      f.      Each party's schedule of exhibits with objections.

      g.      Any stipulation on evidentiary matters specifying the applicable matters to which such stipulation applies, e.g., authenticity, hearsay exceptions, etc.

      h.      A current estimate of the number of days required for trial.

      i.      The specific category of damages, including attorneys' fees, claimed by each party and, when possible, the amount of such damages sought by each party.

      j.      A designation of Lead Trial Counsel. No change of Lead Trial Counsel may be made without leave of the Court if such change would disrupt the trial schedule.

      k.      A list of all pending motions and date filed.  Motions not timely heard in accordance with the dates set forth herein are subject to summary denial.

      l.      A list identifying, with specificity, any matters of which the parties will ask the Court to take Judicial Notice under sections 90.201 and 90.202, Florida Statutes, and any objections or agreement thereto.

16.      DEPOSITION DESIGNATIONS. No less than 30 days prior to the beginning of the trial period, each party must file designations of the depositions it intends to offer at trial. Counter (or "fairness") designations and objections, if any, must be filed within 7 days of the deposition designations. Objections to the counter-designations shall be filed within 7 days thereafter. Deposition designations must be heard by the Court before the first day of trial unless the court directs otherwise. If the parties cannot resolve objections to deposition designations, and no hearing time can be coordinated, the party making the objection must submit to the court a properly marked copy of the deposition transcript along with a proposed order identifying the page and line of the testimony to which the party objects, the basis for the objection, and a blank space

for the Court to rule no later than 7 days prior to the first day of trial. Additional division guidelines may apply.

17.    *[FOR OPENING STATEMENTS ONLY]:* DEMONSTRATIVE AIDS, COMPUTER SLIDESHOWS AND/OR POWERPOINT PRESENTATIONS. Demonstrative aids, computer slideshows and/or PowerPoint presentations counsel seek to use *during opening statement* must be shared with opposing counsel no less than 3 business days prior to the beginning of trial. Computer slideshows and/or PowerPoint presentations may refer to what a party believes the evidence will show if the parties agree that the matter will, in fact, be received in evidence. Computer slideshows and/or PowerPoint presentations may not include argument or citations to legal authorities. Disputes over demonstrative aids, computer slideshows and/or PowerPoint presentations must be heard by the Court before the first day of trial. If the parties cannot resolve disputes over computer slideshows and/or PowerPoint presentations (and no hearing time can be coordinated), the demonstrative aids, computer slideshows and/or PowerPoint presentations are subject to being excluded during Opening Statement, subject to division procedures.

18.    NOTICE OF SETTLEMENT. In the event of settlement, the parties must immediately email the division to which the case is assigned. The email for the Notice of Settlement must contain the following in the subject line of the email: "NOTICE OF SETTLEMENT: **2025-CA-006216-O**." Thereafter, the parties must file a Notice of Settlement signed by all parties. Noncompliance with this Paragraph will result in the case remaining on the docket as well as the possible imposition of sanctions. When a Notice of Settlement is filed, the parties are required to appear at trial call on the first day of their designated trial period unless expressly advised they are excused from appearing. If the parties are advised they are excused from appearing at trial call, the parties are directed to conclude the settlement and file the appropriate dismissal within 60 days, or the court may *sua sponte* enter an order of dismissal. *There is no requirement that the settlement documents be filed.* Additional division guidelines may apply.

19.    DISCOVERY DISPUTES. All counsel and unrepresented parties must familiarize

9

themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible. Counsel are also directed to familiarize themselves with Florida Rules of Civil Procedure 1.280(k), 1.340(a), 1.350(b), and 1.380. Failure to comply with any Florida Rule of Civil Procedure may result in sanctions.

20.    MEET AND CONFER. The parties must comply with the "meet and confer" requirements of Florida Rule of Civil Procedure 1.202(d) **and** Administrative Order No. 2012-03. Any non-compliant motion or notice of hearing may be summarily stricken or denied by the Court, requiring resubmission of the motion, notice of hearing, or both.

21.    SANCTIONS. Failure to attend the meeting of counsel referenced above, the pretrial conference, or the trial, or to comply with the requirements of this order, may result in the imposition of appropriate sanctions, including but not limited to contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of attorneys' fees or costs, or any combination thereof.

22.    AUDIO/VISUAL. Requests for audio or visual equipment (or both) must be made at least three (3) business days in advance of trial to avoid delays. All such requests must be made to the Ninth Circuit's Technology Support Department and not to the division email. For assistance, see the Court's website: www.ninthcircuit.org, under Programs and Services, then Technology Support.

DONE and ORDERED in Orange County, Florida, on the date shown on the electronic signature.

07/02/2025 09:38:13
2025-CA-006216-O

eSigned by Luis Calderon  07/02/2025 09:38:13 7JHmmV4W

**LUIS F. CALDERON**
CIRCUIT JUDGE

Copies to Counsel of Record
Via Florida's e-Filing Portal
Valerie Delgado

10

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2025-CA-006216-O
DIVISION: 37

Ta-Sha Lavonne Hester,
in her private capacity as executor and
trustee of the TA-SHA LAVONNE HESTER' Ecclesiastical trust,
Plaintiff and Equitable Petitioner,
v

ORANGE COUNTY CLERK OF COURT, et al.,
Defendants.

## AFFIDAVIT OF READINESS FOR HEARING AND REQUEST FOR JUDICIAL ACTION

COMES NOW, Plaintiff, Ta-Sha Lavonne Hester, in her private capacity as Trustee and Executrix of the TA-SHA LAVONNE HESTER™ Trust Estate and hereby provides notice that this matter is fully at issue and respectfully requests the immediate setting of a hearing on the pending Verified Complaint and Affidavit for Emergency Relief.

1. This civil action was filed on July 1, 2025, and has been properly docketed under case number 2025-CA-006216-O.

2. A Uniform Trial and Case Management Order has been issued by the Court under Administrative Order 2024-25 and Rule 1.200 of the Florida Rules of Civil Procedure, confirming that this is a circuit civil matter.

3. Plaintiff has submitted a Verified Complaint, Affidavit in Support of Emergency Hearing, and authenticated Exhibits A–H evidencing standing, federal trust registration, and jurisdictional authority.

4. All pleadings and exhibits necessary to support the emergency relief requested are of record, and no further filings are required prior to judicial review and hearing.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court assign a date for hearing on the pending Verified Complaint and Affidavit for Emergency Hearing without further delay, and that all necessary judicial action be taken in accordance with the Florida Civil Rules and Administrative Order 2024-25.

FURTHER AFFIANT SAYETH NAUGHT

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Ta-Sha Lavonne Hester™, Affiant
, Trustee and Executrix
TA-SHA LAVONNE HESTER Ecclesiastical trust
c/o General Post Office
PO box 680765
Orlando, Florida 32868-9998
Email: tashahesterestate@gmail.com
Phone: 689.444.7772

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed before me this _13th_ day of _July_____, 2025, by
Ta-Sha Lavonne Hester™, who is personally known to me or has produced
valid identification.

_____
NOTARY PUBLIC

My Commission Expires: _5-11-2026_

Notary Public State of Florida
Sherrie Rogers
My Commission
HH 263615
Exp. 5-11-2026

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2025-CA-006216-0
DIVISION: 37

Ta-Sha Lavonne Hester,
in her private capacity as executor and
trustee of the TA-SHA LAVONNE HESTER' Ecclesiastical trust,
Plaintiff and Equitable Petitioner,
v

ORANGE COUNTY CLERK OF COURT, et al.,
Defendants.

## AFFIDAVIT OF POSITION AND STATEMENT FOR EMERGENCY CIVIL HEARING

BEFORE ME, the undersigned authority, personally appeared TA-SHA LAVONNE HESTER™, who being duly sworn, deposes and states the following for the official record of this civil proceeding:

1. I am the Trustee and Executrix of the TA-SHA LAVONNE HESTER™ Trust Estate, the named Plaintiff in the above-captioned civil action.

2. This case was properly filed on July 1, 2025, as a circuit civil matter and has been assigned case number 2025-CA-006216-O, Division 40, in Orange County, Florida.

3. The Verified Complaint and Affidavit in Support of Emergency Hearing are on file, and the Court has issued a Uniform Trial and Case Management Order pursuant to Administrative Order 2024-25 and Rule 1.200 of the Florida Rules of Civil Procedure.

4. This affidavit affirms that the cause of action is a civil trust enforcement matter, not a probate administration. No Letters of Administration are requested.

5. The following statutes and authorities support the relief requested:
   - Florida Statutes §§ 736.0201, 736.0701–0710, 736.0816
   - Florida Statutes §§ 689.07, 689.071
   - Florida Constitution, Article I, Section 21
   - Florida Statutes § 86.011
   - Florida Rule of Civil Procedure 1.200
   - Administrative Order 2024-25
   - 15 U.S.C. § 1127 (Trademark Act)
   - UCC §§ 9-102(a)(73), 9-203
   - 18 U.S.C. §§ 1341, 1343 (Fraud protections)
   - 28 U.S.C. § 2201 (Declaratory relief)

6. I affirm under penalty of perjury that this civil trust matter is ready for judicial hearing,

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

and I respectfully request the Court to affirm trust status, enjoin further interference, and
grant the equitable relief sought.

7. This matter is hereby brought before this Court in equity, pursuant to Article V, Section
20(c)(3) of the Florida Constitution, which grants this Court original jurisdiction in all
equitable matters. Florida Trust Code § 736.0201 also affirms the civil court's jurisdiction
over trust proceedings.

8. Plaintiff respectfully invokes this Court's equitable jurisdiction for the purpose of
protecting trust res (property), enforcing fiduciary duties, and seeking declaratory and
injunctive relief. Where administrative interference has caused or threatens to cause
irreparable harm, equity provides the appropriate remedy.

9. As equity will not suffer a wrong to be without a remedy, Plaintiff asserts her right to
judicial protection and requests the full exercise of this Court's equitable powers to affirm
trustee control, quiet title to secured assets, and enjoin unauthorized or unlawful
interference.

FURTHER AFFIANT SAYETH NAUGHT.

By _____

Ta-Sha Lavonne Hester™, Affiant
Trustee and Executrix of the
TA-SHA LAVONNE HESTER' Ecclesiastical trust,
c/o General Post Office
P.O. Box 680765
Orlando, Florida 32868-9998
Email: tashahesterestate@gmail.com

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed before me this 3ʳᵈ day of July, 2025, by Ta-Sha Lavonne
Hester™, who is personally known to me or has produced valid identification.

_____
NOTARY PUBLIC

My Commission Expires: 5-11-2026

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

# State of Georgia



## COUNTY OF JACKSON
## OFFICE OF THE CLERK OF SUPERIOR COURT

### ELECTRONIC DOCUMENT CERTIFICATION

| | | | |
|---|---|---|---|
| **Certification Date:** | 07/10/25 | **Book Reference:** | PB 116C PGS 781-782 |
| **Authentication Code:** | MGQHH-DHYSY-X9VQ | **Number of Pages:** | 2 |

I, **Camie W. Thomas**, Clerk of Superior Court, or Deputy Clerk specified below, hereby certify that the attached page(s)   is/are a true and correct copy of the document(s) enumerated herein, and that said document(s)   are on file as a part of the official records of this office, of which I am the official custodian, as authorized by Georgia law. Witness my hand and official seal of this office on the date written.



**Official Seal of Clerk**

*Camie W. Thomas*
**Camie W. Thomas, Clerk**

Dianna Horne
Prepared by:

---

### INSTRUCTIONS FOR AUTHENTICATING THIS CERTIFICATION

This electronically certified record can be authenticated as having been duly certified by the issuing officer by accessing the link below:

https://ecert.gsccca.org/document/MGQHH-DHYSY-X9VQ

Authentication of a certified document is a multiple step process. Instructions for authenticating a certified document can be found at the link below:

https://ecert.gsccca.org/authenticationinstructions



AUTHENTICATION CODE LISTED ON EACH CERTIFIED PAGE

**RECORDING REQUESTED BY:**
**TA-SHA LAVONNE HESTER©®**

**RETURN TO:**
**TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST©℠™**
c/o Ta-Sha Lavonne Hester©®, **Executrix & Trustee Absolute**
**Post Office Box 44**
**Pendergrass, Georgia Republic [DMM 602 1.3e (2)]**
**United States of America [Non-Domestic, Non-Person]**

Deed Doc: MISC
Recorded 07/08/2025 02:23PM
Camie W. Thomas
Clerk Superior Court, JACKSON County, Ga.
Bk 0116C Pg 0781-0782

Penalty: $0.00
Interest: $0.00

| Date Recorded: Tuesday, July 08, 2025 | Above space provided for Recorder's use only |

## CLERK OF COURT COVER LETTER
### BY EXECUTRIX OF PRIVATE ESTATE:

*TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST©™*

| Land | of | North America | ) |
|------|-----|---------------|---|
| Republic | of | Georgia | ) S.S. |
| County | of | Jackson | ) |

### Document Title: Affidavit of Status, Standing, and Jurisdiction
**Prepared By: Ta-Sha Lavonne Hester©®**
**Estate of Ta-Sha Lavonne Hester©℠™**

This Declaration of Status is made in good faith, for lawful purposes, and is declared to be true, correct, and complete to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this **8th day of July 2025**, in Jackson County, Georgia.

*Hester, Ta-Sha- Lavonne*

**Ta-Sha Lavonne Hester©®,** *Executrix & Trustee Absolute*
*Estate of Ta-Sha Lavonne Hester*
Affiant



Witness 1

Witness 2

### Without Recourse | Without Prejudice | All Rights Reserved
### NOTARY

Before Me, on this **8th day of July 2025,** Anno Domini, as Spirit and Sole Possessor of One's mortal vessel, **Ta-Sha Lavonne Hester©®** personally known to me to be the natural, living woman described herein, whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on this instrument executed the instrument.

Witness my hand and official seal:

_____
Notary Public Signature

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263048
Exp. 5/11/2026

*Sherie Rogers*

**Sherie Rogers**
Notary Public Printed Name

My Commission Expires: **May 11, 2026**

Bk 0116C Pg 00782

This Document Prepared by:
Ta-Sha Lavonne Hester, Excutrix
TA-SHA LAVONNE HESTER Estate
5178 Stone Harbour Rd
Orlando, Florida 33808-1650

After Recording Return to:
Ta-Sha Lavonne Hester, Trustee
TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST
General Post office
P.O. Box 680765
Orlando Florida 32868-9998

## Affidavit of Status, Standing, and Jurisdiction

I affirm my standing as a living woman, born on the land and soil of
America. I am not lost at sea, not a U.S. citizen, and not a 14th Amendment
"person." I retain all rights under God, divine law, and natural law. I do not
operate in legal fiction or subject myself to foreign municipal statutes. The
name in all caps represents a constructive trust/estate, to which I am the
sole Beneficial Heir and lawfully appointed Executrix. All securities,
benefits, and instruments arising therefrom shall be settled in equity
under private trust.

FURTHER AFFIANT SAYETH NAUGHT.

Executed on this 03 day of July 2025

Ta-Sha Lavonne Hester, Executrix and Trustee

STATE OF FLORIDA )
COUNTY OF ORANGE )

Sworn to and subscribed before me this 3rd day of July, 20__, by Ta-Sha Lavonne
Hester, Executrix and Trustee, who is personally known to me or who has produced
H236082857 7U as identification.

Notary Public

Notary Public State of Florida
Sherie Rogers
My Commission
HH 263646
Exp. 5/11/2026