IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2025-CA-006216-O
DIVISION: 40

STATE OF FLORIDA )
COUNTY OF ORANGE ) ss.

**AFFIDAVIT OF TRUTH AND REBUTTAL TO DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE**

I, Ta-Sha Lavonne Hester, being of lawful age, competent to testify, and having first-hand knowledge of the facts stated herein, do hereby swear and affirm under penalty of perjury that the following statements are true and correct:

**SECTION 1 – AFFIDAVIT OF TRUTH IN SUPPORT OF AMENDED PETITION**

1. Plaintiff is the living woman and the authorized Trustee, Sole Exclusive Beneficiary and Executrix of the estate and trust associated with the name TA-SHA LAVONNE HESTER™, asserting equitable and fiduciary standing in this matter.
2. Plaintiff's Florida Certificate of Live Birth (Exhibit A) evidences the creation of a state-administered vital record at the time of her birth, without full disclosure, informed consent, or a fiduciary accounting.
3. The NCVHS Vital Records report, at page 7 (Exhibit B), illustrates the current birth registration process, showing the interstate and national exchange of personal identifiers, along with payments between agencies, evidencing a commercial dimension to the registration process.
4. The NCVHS Vital Records report, at page 8 (Exhibit C), illustrates the current death registration process, showing the lifecycle management and monetization of vital records, further supporting the existence of a constructive trust estate initiated without consent.
5. Florida Statutes §§ 382.013 and 382.016 govern the registration and amendment of vital records; § 655.055 addresses the confidentiality of financial records; and § 817.568 prohibits the criminal use of personal identification information.
6. The creation, use, and undisclosed monetization of Plaintiff's birth record and associated identifiers constitute a breach of fiduciary duty and give rise to a constructive trust in favor of Plaintiff.
7. Plaintiff invokes the equitable jurisdiction of this Court to compel a full fiduciary accounting, reconveyance, and trust reconstruction to restore control over the constructive trust estate.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

**SECTION 2 – POINT-BY-POINT REBUTTAL TO DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE**

8. As to Defendant's Paragraph 1 ("Without knowledge of Plaintiff's domicile and the capacity in which Plaintiff appears"), Affiant rebuts and states that Plaintiff's domicile and capacity are clearly stated in the Amended Petition, ¶1, and are a matter of public record. Demand is made for strict proof to the contrary.

9. As to Defendant's Paragraph 2 (admission of Defendants named), Affiant acknowledges this admission and incorporates it into the record as an undisputed fact.

10. As to Defendant's Paragraph 3 ("Florida Constitution and Statutes speak for themselves"), Affiant rebuts and states that the Amended Petition contains ultimate facts, specific statutory citations, and direct factual allegations of acts and omissions by the Bureau.

11. As to Defendant's Responses to the seven causes of action, Affiant rebuts each, asserting that the Petition alleges specific factual conduct beyond statutory language, including unauthorized identity use, debt bondage, fiduciary breach, and constructive trust creation, which satisfy the pleading standard under Fla. R. Civ. P. 1.110(b).

12. As to Defendant's Affirmative Defense under Fla. R. Civ. P. 1.140(b)(6), Affiant rebuts and states that the Petition alleges ultimate facts that, if taken as true, entitle Plaintiff to relief under Florida law. The defense misstates the sufficiency of the pleadings and fails to address the specific factual allegations made.

**DEMAND FOR VERIFIED RESPONSE**

Affiant demands that the Defendant respond to each paragraph of this Affidavit under oath, point-by-point, with sworn testimony, within the time prescribed by the Florida Rules of Civil Procedure, or else stand in admission by failure to rebut.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this __14th__ day of __July__, 2025.

Ta-Sha Lavonne Hester, Affiant
Trustee, Sole Equitable Beneficiary
and Executrix, in private capacity

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this __14__ day of __July__, 2025, by Ta-Sha Lavonne Hester, who is

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

personally known to me or has produced __H236-812-85-770-0__ as identification.

Notary Public, State of Florida
My Commission Expires: __05-11-2026__



Notary Public State of Florida
Sherie Rogers
My Commission
HH 263846
Exp. 5/11/2026

## EXHIBITS LIST

**Exhibit A: Florida Certificate of Live Birth**

**Exhibit B: NCVHS Vital Records Report – Birth Registration Process (Page 7)**

**Exhibit C: NCVHS Vital Records Report – Death Registration Process (Page 8)**

**Exhibit D: Copy: Florida Statutes § 382.013 – Live Birth Registration**

**Exhibit E: Copy: Florida Statutes § 382.025 – Vital Record Certification and Disclosure**

**Exhibit F: Copy: SSA POMS RM 10210.275 – ██████████ation Verification Procedure**

**Exhibit G: Copy: Florida Statutes § 382.016 – Amendment/Substitution of Records**

**Exhibit H: Copy: SECTION 0135SECTION 0135Social security numbers████████ ██birth program**

# STATE OF FLORIDA

**THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.**

## BUREAU of VITAL STATISTICS

# Exhibit A

85   037917

| CERTIFICATE OF LIVE BIRTH | | |
|---|---|---|
| LOCAL FILE NO. **85   7001** | FLORIDA | **109-** |

| CHILD—NAME | FIRST Ta-Sha | MIDDLE Lavonne | LAST Hester | SEX 2. Female | DATE OF BIRTH (Mo., Day, Yr.) 3a. July 30, 1985 | HOUR 3d. 7:21p M |
|---|---|---|---|---|---|---|

| HOSPITAL—NAME (If not in hospital, give street and number) 4a. Orlando Regional Medical Center | CITY, TOWN OR LOCATION OF BIRTH 4b. Orlando | COUNTY OF BIRTH 4c. Orange |
|---|---|---|

I certify that the stated information concerning this child is true to the best of my knowledge and belief.
5a. (Signature) *Barbara E. Baughn*

DATE SIGNED (Mo., Day, Year) July 31, 1985

NAME AND TITLE OF ATTENDANT AT BIRTH IF OTHER THAN CERTIFIER (Type or print) 5c. Eduardo Marmo,, M.D.

5d. CERTIFIER—NAME AND TITLE (Type or print) Barbara E. Baughn, Birth Cert. Clerk

5e. MAILING ADDRESS (Street or R.F.D. No., City or Town, State, Zip) 1416 S. Orange Avenue, Orlando, Fla. 32806

REGISTRAR 6a. (Signature) *Harriette R. Chambers*   DEPUTY REGISTRAR

DATE RECEIVED BY REGISTRAR (Mo., Day, Yr.) 6b. AUG - 6 1985

| MOTHER—MAIDEN NAME 7a. | FIRST Tancie | MIDDLE Lee | LAST Bostic | AGE (At time of this birth) 7b. 23 | STATE OF BIRTH (If not in U.S.A. name country) 7c. Florida |
|---|---|---|---|---|---|

| RESIDENCE—STATE 8a. Florida | COUNTY 8b. Orange | CITY, TOWN OR LOCATION 8c. Orlando | STREET AND NUMBER OF RESIDENCE 5939 B. Winegard Rd. | INSIDE CITY LIMITS (Specify yes or no) 8d. yes |
|---|---|---|---|---|

MOTHER'S MAILING ADDRESS—(If same as above, enter Zip Code only) 9. 32809

| FATHER—NAME 10a. | FIRST LeRoy | MIDDLE | LAST Hester, Jr. | AGE (At time of this birth) 10b. 28 | STATE OF BIRTH (If not in U.S.A. name country) 10c. Florida |
|---|---|---|---|---|---|

I certify that the personal information provided on this certificate is correct to the best of my knowledge and belief.
11a. (Signature of Parent) *Tancie L. Hester*

## INFORMATION FOR MEDICAL AND HEALTH USE ONLY

| RACE—MOTHER (e.g. White, Black, American Indian, etc.) (Specify) 12a. Black | RACE—FATHER (e.g., White, Black, American Indian, etc.) (Specify) 13b. Black | BIRTH WEIGHT 14. 6 lbs. 14oz. | THIS BIRTH—Single, twin, triplet, etc. 15a. Single | IF NOT SINGLE BIRTH—Born first, second, third. etc. (Specify) 15b. | IS MOTHER MARRIED? (Specify yes or no) 16. Yes |
|---|---|---|---|---|---|

| ORIGIN OR DESCENT-MOTHER (e.g., Italian, Mexican, German, Puerto Rican, English, Cuban, etc. (Specify) 12b. American | ORIGIN OR DESCENT-FATHER (e.g., Italian, Mexican, German, Puerto Rican, English, Cuban, etc. (Specify) 13c. American | EDUCATION—MOTHER (Specify only highest grade completed) Elementary or Secondary (0-12) | College (1-4 or 5+) 17. 1 | EDUCATION—FATHER (Specify only highest grade completed) Elementary or Secondary (0-12) 18. | College (1-4 or 5+) 19. 3+ |
|---|---|---|---|---|---|

| PREGNANCY HISTORY (Complete each section) | | DATE LAST NORMAL MENSES BEGAN (Mo., Day, Yr.) 20. 10-84 | MO. OF PREGNANCY PRENATAL CARE BEGAN 1st, 2nd, etc. (Specify) 21a. unknown | PRENATAL VISITS Total No. (If none, so state) 21b. unknown | APGAR SCORE 1 min. 22a. 9 | 5 min. 22b. 9 |
|---|---|---|---|---|---|---|

| LIVE BIRTHS (Do not include this Child) | | OTHER TERMINATIONS (Spontaneous and Induced) | | COMPLICATIONS OF PREGNANCY (Describe or write "none") 23. None |
|---|---|---|---|---|

| 17a. Now living Number 1 | 17b. Now dead Number ___ | 17d. Before 20 weeks Number ___ | 17e. 20 weeks or after Number ___ | CONCURRENT ILLNESSES OR CONDITIONS AFFECTING THE PREGNANCY (Describe or write "none") 24. None |
|---|---|---|---|---|

| None ☐ | Live Birth ☒ | None ☒ | None ☒ | COMPLICATIONS OF LABOR AND/OR DELIVERY (Describe or write "none") 25. None |
|---|---|---|---|---|

| DATE OF LAST LIVE BIRTH (Month, Year) 17c. 8-22-83 | DATE OF LAST OTHER TERMINATION (as indicated in d or e above) (Mo., Yr.) 17f. none | CONGENITAL MALFORMATIONS OR ANOMALIES OF CHILD (Describe or write "none") 26. None |
|---|---|---|

| PROPHYLACTIC DRUG USED IN BABY'S EYES? State Drug Used: 27. Aureomycin Oint. TIME GIVEN AFTER BIRTH 30 mins. | DID INFANT HAVE BLOOD TEST FOR PKU? 28. yes | DID MOTHER HAVE BLOOD TEST FOR SYPHILIS? 29a. yes | DATE OF TEST (If no blood test was made, state reason on back of certificate.) 29b. July 30, 1985 |
|---|---|---|---|

*Ken Jones* , **STATE REGISTRAR**

**DATE ISSUED: April 11, 2025**
REQ: 2026875364

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.

**WARNING:** THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATER-MARKS. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THE DOCUMENT WILL NOT PRODUCE A COLOR COPY.

DH FORM 1946 (08/01/2022)



*49824691*



**CERTIFICATION OF VITAL RECORD**



VOID IF ALTERED OR ERASED

*Vital Records and Vital Statistics in the United States: Uses, Users, Systems, and Sources of Revenue*

# Exhibit B

**Figure 2. Current death registration process for a state vital records jurisdiction**



Legend for Figure 2:
—— Solid black and green lines denote typical processes and payments, respectively
- - - - Dashed black and green lines denote other, less common processes and payments, respectively

| | |
|---|---|
| CMS = Centers for Medicare and Medicaid Services | ME/C = Medical Examiner / Coroner |
| CR = Cancer Registry | NCHS = National Center for Health Statistics |
| DMF = Death Master File | NDI = National Death Index |
| DMV = Department of Motor Vehicles | NTIS = National Technical Information Service |
| DoD = U.S. Department of Defense | NVDRS = National Violent Death Reporting System |
| DoS = U.S. Department of State | SAMS = Secure Access Management Services |
| ED = Emergency Department | SHD = State Health Department |
| EDRS = Electronic Death Registration System | SSA = Social Security Administration |
| EHR-S = Electronic Health Record System | STEVE = State and Territorial Exchange of Vital Events System |
| EVVE = Electronic Verification of Vital Events | VRO = Vital Records Office |
| EVVE FOD = Electronic Verification of Vital Events Fact of Death | VRS = Vital Registration System |
| IIS = Immunization Information System | VSCP = Vital Statistics Cooperative Program |
| LADMF = Limited Access Death Master File | |

## Uses and users of identified birth and death records

Uses and users of underlined[3] birth and death records are shown in Tables 1 and 2, respectively. These uses and users include individuals who use their birth certificate to establish their identity for various legal and administrative purposes; the Social Security Administration (SSA), which uses birth data to facilitate the issuance of Social Security Numbers (SSN) to persons born in the United States and death data to terminate the payment of benefits; and private organizations, which use death data to pay benefits and to prevent fraud.

---

"Identified records" refers to one or more of records, each of which contains information sufficient to identity the subject of the record, such as name, name of mother, and location and date of birth on a birth record.

*Vital Records and Vital Statistics in the United States: Uses, Users, Systems, and Sources of Revenue*

# Exhibit C

## Figure 1. Current birth registration process for a state vital records jurisdiction



Legend for Figure 1:
—— Solid black and green lines denote typical processes and payments, respectively
- - - - Dashed black and green lines denote other, less common processes and payments, respectively

---

[2] Payments by users to providers of vital records or vital statistics data are shown by green lines with "$$".

| | |
|---|---|
| DMV = Department of Motor Vehicles | Ped = Pediatrician |
| EAB = Enumeration at Birth | SAMS = Secure Access Management Services |
| EBRS = Electronic Birth Registration System | SHD = State Health Department |
| EHR-S = Electronic Health Record System | SSA = Social Security Administration |
| EVVE = Electronic Verification of Vital Events | SSN = Social Security Number |
| IIS = Immunization Information System | STEVE = State and Territorial Exchange of Vital Events System |
| NBS = Newborn Screening | VRS = Vital Registration System |
| NCHS = National Center for Health Statistics | VSCP = Vital Statistics Cooperative Program |
| OB = Obstetrician or comparable health care provider | |

# Exhibit D

Select Year:    2024 ▼    Go

## The 2024 Florida Statutes (including 2025 Special Session C)

| Title XXIX | Chapter 382 | View Entire Chapter |
|---|---|---|
| PUBLIC HEALTH | VITAL STATISTICS | |

**382.013**    **Birth registration.**—A certificate for each live birth that occurs in this state shall be filed within 5 days after such birth in the department's electronic registration system with the local registrar of the district in which the birth occurred and shall be registered by the local registrar if the certificate has been completed and filed in accordance with this chapter and adopted rules. The information regarding registered births shall be used for comparison with information in the state case registry, as defined in chapter 61.

(1)    FILING.—

(a)    If a birth occurs in a hospital, birth center, or other health care facility, or en route thereto, the person in charge of the facility is responsible for preparing the certificate, certifying the facts of the birth, and filing the certificate in the department's electronic registration system with the local registrar. Within 48 hours after the birth, the physician, midwife, or person in attendance during or immediately after the delivery shall provide the facility with the medical information required by the birth certificate.

(b)    If a birth occurs outside a facility and a physician licensed in this state, a certified nurse midwife, a midwife licensed in this state, or a public health nurse employed by the department was in attendance during or immediately after the delivery, that person shall prepare and file the certificate.

(c)    If a birth occurs outside a facility and the delivery is not attended by one of the persons described in paragraph (b), the person in attendance, the mother, or the father shall report the birth to the registrar and provide proof of the facts of birth. The department may require such documents to be presented and such proof to be filed as it deems necessary and sufficient to establish the truth of the facts to be recorded by the certificate and may withhold registering the birth until its requirements are met.

(d)    If a birth occurs in a moving conveyance and the child is first removed from the conveyance in this state, the birth shall be filed and registered in this state and the place to which the child is first removed shall be considered the place of birth.

(e)    The mother or the father of the child shall attest to the accuracy of the personal data entered on the certificate in time to permit the timely registration of the certificate.

(f)    If a certificate of live birth is incomplete, the local registrar shall immediately notify the health care facility or person filing the certificate and shall require the completion of the missing items of information if they can be obtained before issuing certified copies of the birth certificate.

(g)    Regardless of any plan to place a child for adoption after birth, the information on the birth certificate as required by this section must be as to the child's birth parents unless and until an application for a new birth record is made under s. 63.152.

(h)    The State Registrar may receive electronically a birth certificate for each live birth which is required to be filed with the registrar under this chapter through facsimile or other electronic transfer for the purpose of filing the birth certificate. The receipt of a birth certificate by electronic transfer constitutes delivery to the State Registrar as required by law.

(2)    PATERNITY.—

(a)    If the mother is married at the time of birth, the name of the husband shall be entered on the birth certificate as the father of the child, unless paternity has been determined otherwise by a court of competent jurisdiction.

(b)   Notwithstanding paragraph (a), if the husband of the mother dies while the mother is pregnant but before the birth of the child, the name of the deceased husband shall be entered on the birth certificate as the father of the child, unless paternity has been determined otherwise by a court of competent jurisdiction.

(c)   If the mother is not married at the time of the birth, the name of the father may not be entered on the birth certificate without the execution of an affidavit signed by both the mother and the person to be named as the father. The facility shall give notice orally or through the use of video or audio equipment, and in writing, of the alternatives to, the legal consequences of, and the rights, including, if one parent is a minor, any rights afforded due to minority status, and responsibilities that arise from signing an acknowledgment of paternity, as well as information provided by the Title IV-D agency established pursuant to s. 409.2557, regarding the benefits of voluntary establishment of paternity. Upon request of the mother and the person to be named as the father, the facility shall assist in the execution of the affidavit, a notarized voluntary acknowledgment of paternity, or a voluntary acknowledgment of paternity that is witnessed by two individuals and signed under penalty of perjury as specified by s. 92.525(2).

(d)   If the paternity of the child is determined by a court of competent jurisdiction as provided under s. 382.015 or there is a final judgment of dissolution of marriage which requires the former husband to pay child support for the child, the name of the father and the surname of the child shall be entered on the certificate in accordance with the finding and order of the court. If the court fails to specify a surname for the child, the surname shall be entered in accordance with subsection (3).

(e)   If the paternity of the child is determined pursuant to s. 409.256, the name of the father and the surname of the child shall be entered on the certificate in accordance with the finding and order of the Department of Revenue.

(f)   If the mother and father marry each other at any time after the child's birth, upon receipt of a marriage license that identifies any such child, the department shall amend the certificate with regard to the parents' marital status as though the parents were married at the time of birth.

(g)   If the father is not named on the certificate, no other information about the father shall be entered on the certificate.

(3)   NAME OF CHILD.—

(a)   If the mother is married at the time of birth, the mother and father whose names are entered on the birth certificate shall select the given names and surname of the child if both parents have custody of the child, otherwise the parent who has custody shall select the child's name.

(b)   If the mother and father whose names are entered on the birth certificate disagree on the surname of the child and both parents have custody of the child, the surname selected by the father and the surname selected by the mother shall both be entered on the birth certificate, separated by a hyphen, with the selected names entered in alphabetical order. If the parents disagree on the selection of a given name, the given name may not be entered on the certificate until a joint agreement that lists the agreed upon given name and is notarized by both parents is submitted to the department, or until a given name is selected by a court.

(c)   If the mother is not married at the time of birth, the parent who will have custody of the child shall select the child's given name and surname.

(d)   If multiple names of the child exceed the space provided on the face of the birth certificate they shall be listed on the back of the certificate. Names listed on the back of the certificate shall be part of the official record.

(4)   UNDETERMINED PARENTAGE.—The person having custody of a child of undetermined parentage shall register a birth certificate showing all known or approximate facts relating to the birth. To assist in later determination, information concerning the place and circumstances under which the child was found shall be included on the portion of the birth certificate relating to marital status and medical details. In the event the child is later identified, a new birth certificate shall be prepared which shall bear the same number as the original birth certificate, and the original certificate shall be sealed and filed, shall be confidential and exempt from the provisions of s. 119.07(1), and shall not be opened to inspection by, nor shall certified copies of the same be issued except by court order to, any person other than the registrant if of legal age.

(5)  DISCLOSURE.—The original certificate of live birth shall contain all the information required by the department for legal, social, and health research purposes. However, all information concerning parentage, marital status, and medical details shall be confidential and exempt from the provisions of s. 119.07(1), except for health research purposes as approved by the department, nor shall copies of the same be issued except as provided in s. 382.025.

**History.**—s. 13, ch. 6892, 1915; RGS 2083; CGL 3283; s. 1, ch. 77-319; s. 150, ch. 79-400; s. 11, ch. 87-387; s. 3, ch. 94-318; s. 1036, ch. 95-148; s. 43, ch. 97-170; s. 96, ch. 97-237; ss. 19, 46, ch. 98-397; s. 17, ch. 99-397; s. 10, ch. 2001-53; s. 8, ch. 2004-334; s. 15, ch. 2005-39; s. 5, ch. 2006-118; s. 3, ch. 2010-187; s. 7, ch. 2023-71.

**Note.**—Former s. 382.16.

Copyright © 1995-2025 The Florida Legislature • Privacy Statement • Contact Us

**Exhibit E**

# The Florida Senate

## 2022 Florida Statutes (Including 2022C, 2022D, 2022A, and 2023B)

| Title XXIX | Chapter 382 | SECTION 025 |
|---|---|---|
| PUBLIC HEALTH | VITAL STATISTICS | **Certified copies of vital records; confidentiality; research.** |
| | **Entire Chapter** | |

382.025   **Certified copies of vital records; confidentiality; research.**—

(1)   BIRTH RECORDS.—Except for birth records over 100 years old which are not under seal pursuant to court order, all birth records of this state shall be confidential and are exempt from the provisions of s. 119.07(1).

(a)   Certified copies of the original birth certificate or a new or amended certificate, or affidavits thereof, are confidential and exempt from the provisions of s. 119.07(1) and, upon receipt of a request and payment of the fee prescribed in s. 382.0255, shall be issued only as authorized by the department and in the form prescribed by the department, and only:

1.   To the registrant, if the registrant is of legal age, is a certified homeless youth, or is a minor who has had the disabilities of nonage removed under s. 743.01 or s. 743.015;

2.   To the registrant's parent or guardian or other legal representative;

3.   Upon receipt of the registrant's death certificate, to the registrant's spouse or to the registrant's child, grandchild, or sibling, if of legal age, or to the legal representative of any of such persons;

4.   To any person if the birth record is over 100 years old and not under seal pursuant to court order;

5.   To a law enforcement agency for official purposes;

6.   To any agency of the state or the United States for official purposes upon approval of the department; or

7.   Upon order of any court of competent jurisdiction.

(b)   To protect the integrity of vital records and prevent the fraudulent use of the birth certificates of deceased persons, the department shall match birth and death certificates and post the fact of death to the appropriate birth certificate. Except for a commemorative birth certificate, any certification of a birth certificate of a deceased registrant shall be marked "deceased." In the case of a commemorative birth certificate, such indication of death shall be made on the back of the certificate.

(c)   The department shall issue, upon request and upon payment of an additional fee as prescribed under s. 382.0255, a commemorative birth certificate representing that the birth of the person named thereon is recorded in the office of the registrar. The certificate issued under this paragraph shall be in a form consistent with the need to protect the integrity of vital records but shall be suitable for display. It may bear the seal of the state printed thereon and may be signed by the Governor.

(2)   OTHER RECORDS.—

(a)   The department shall authorize the issuance of a certified copy of all or part of any marriage, dissolution of marriage, or death or fetal death certificate, excluding that portion which is confidential and exempt from the provisions of s. 119.07(1) as provided under s. 382.008, to any person requesting it upon receipt of a request and payment of the fee prescribed by this section. A certification of the death or fetal death certificate which includes the confidential portions shall be issued only:

1.   To the registrant's spouse or parent, or to the registrant's child, grandchild, or sibling, if of legal age, or to any person who provides a will that has been executed pursuant to s. 732.502, insurance policy, or other document that demonstrates his or her interest in the estate of the registrant, or to any person who provides documentation that he or she is acting on behalf of any of them;

2.   To any agency of the state or local government or the United States for official purposes upon approval of the department; or

3.   Upon order of any court of competent jurisdiction.

(b)   All portions of a certificate of death shall cease to be exempt from the provisions of s. 119.07(1) 50 years after the date of death.

Social Security                                                    **Exhibit F**

---

## Program Operations Manual System (POMS)

---

Effective Dates: 02/19/2013 - Present

**TN 56 (06-24)**

# RM 10210.275 ███████████ation for U.S. Born Person under Age One

Take the following steps to establish age for an ███████ant under age one:

## A.  Determine whether the applicant has an SSN

Follow instructions in RM 10205.510A, Interview to determine if a parent (or other proper applicant) filed an ███████ation via EAB, to determine if an application was previously filed for the child and search for the SSN. Also search the SSNAP pending file using all names provided to determine if an application is pending in SSNAP.

### 1.  Child has an SSN

If the child has an SSN, determine if additional action is needed.

- For a name change, see RM 10212.010

- For a DOB change, see RM 10210.295.

- For information about other Numident data changes, see RM 10212.200.

- If the request is for a new SSN ███████ted child, see RM 10225.055 and RM 10225.060.

- If an SSN is found and non-receipt of the card is alleged, see RM 10215.060.

- If the applicant wishes to file for a replacement card, but no Numident changes are needed, evidence of age is not required. However, see RM 10205.400 for information on yearly and lifetime card limits which went into effect beginning 12/17/05.

(c)    The department shall issue, upon request and upon payment of an additional fee prescribed by this section, a commemorative marriage license representing that the marriage of the persons named thereon is recorded in the office of the registrar. The certificate issued under this paragraph shall be in a form consistent with the need to protect the integrity of vital records but shall be suitable for display. It may bear the seal of the state printed thereon and may be signed by the Governor.

(3)    RECORDS AND DATA DISTRIBUTION.—The department may issue vital records or data to:

(a)    A federal agency, if the agency shares in the cost of collecting, processing, and transmitting such data and if the data is only used by the federal agency for statistical purposes or for other purposes specifically authorized by the department.

(b)    An office of vital statistics for a jurisdiction outside this state, pursuant to an agreement with the department, when such records or other reports relate to residents of that jurisdiction or persons born in that jurisdiction. The agreement must require that the copies be used for statistical and administrative purposes only and must provide for the retention and disposition of such copies.

(c)    Other governmental agencies upon such terms or conditions as may be prescribed by the department.

(d)    A research entity, if the entity seeks the records or data pursuant to a research protocol approved by the department and maintains the records or data in accordance with the approved protocol and a purchase and data-use agreement with the department. The department may deny a request for records or data if the protocol provides for intrusive follow-back contacts, has not been approved by a human studies institutional review board, does not plan for the destruction of confidential records after the research is concluded, or does not have scientific merit. The agreement must restrict the release of any information which would permit the identification of persons found in vital statistics records, limit the use of the records or data to the approved research protocol, and prohibit any other use of the records or data.

Records or data issued under this subsection are exempt from the provisions of s. 119.07(1), and copies of records or data issued pursuant to this subsection remain the property of the department.

(4)    CERTIFIED COPIES OF ORIGINAL CERTIFICATES.—Only the state registrar and local registrars are authorized to issue any certificate which purports to be a certified copy of an original certificate of live birth, death, or fetal death. Except as provided in this section, preparing or issuing certificates is exempt from the provisions of s. 119.07(1).

(5)    RULES.—The department shall adopt and enforce all rules necessary for carrying out the provisions of this section.

**History.**—s. 21, ch. 6892, 1915; RGS 2091; CGL 3291; s. 18, ch. 25372, 1949; s. 66, ch. 26869, 1951; s. 1, ch. 63-151; s. 3, ch. 67-312; s. 3, ch. 67-520; ss. 19, 35, ch. 69-106; s. 1, ch. 71-26; s. 1, ch. 73-300; s. 108, ch. 73-333; s. 4, ch. 75-166; s. 115, ch. 77-147; s. 3, ch. 77-319; s. 5, ch. 83-230; s. 15, ch. 85-224; s. 104, ch. 86-220; ss. 22, 33, ch. 87-387; s. 7, ch. 88-303; s. 8, ch. 89-3; s. 8, ch. 90-347; ss. 2, 3, ch. 91-240; s. 3, ch. 93-42; s. 10, ch. 94-265; s. 10, ch. 96-215; s. 192, ch. 96-406; s. 106, ch. 97-237; s. 21, ch. 99-397; s. 28, ch. 2003-154; s. 3, ch. 2012-186.

**Note.**—Former s. 382.35.

Disclaimer: The information on this system is unverified. The journals or printed bills of the respective chambers should be consulted for official purposes.

Copyright © 2000- 2025  State of Florida.

**2. Child does not have an SSN**

If there is no indication that the child already has an SSN, ask for primary evidence of age.

## B. Primary evidence not available

If the applicant presents alternative evidence of age and has nothing of higher probative value, do not insist that the applicant submit primary evidence (primary evidence is not required). Go to RM 10210.275G.

**IMPORTANT:** If the applicant does not have a BC for a U.S.-born individual under age one, and the child needs an SSN to receive emergency benefits or services, go to RM 10210.280. If the U.S.-born individual under age one does not need an SSN ████████ncy benefits or services and has no BC, Go to RM 10210.275G.

## C. Primary evidence is submitted

1. If primary evidence is submitted, perform a visual inspection of the evidence per instructions in RM 10210.210.

2. If you have any reason to believe the document does not belong to the applicant, initiate a search for a death record in the applicant's name in the same jurisdiction as the birth record.

3. If the document does not appear to belong to the applicant, or if the document can immediately be determined to be fraudulent per RM 10205.305, follow the procedure in RM 10205.325, Processing an ████████ation when Documents are Immediately Determined to be Fraudulent.

4. Explain to the applicant that:

   • Under the law, SSA must verify birth records, including BCs, with the custodian of the record before processing the ████████ation.

   • Unless you are able to verify the evidence immediately (e.g., via Electronic Verification of Vital Events (EVVE)), there may be a delay in the receipt of the SSN card because of this verification requirement. For instructions about EVVE, see GN 00302.980.

5. Give the applicant a printout of the appropriate public information materials explaining the IRTPA requirements.

6. If the document passes your review, request verification of the BC by the BVS.

## D.  Request verification of the BC by the BVS

If you are not able to verify the evidence immediately (e.g., via EVVE), do the following:

- Verify primary evidence of age with the appropriate BVS per GN 00308.000 and/or local procedures. Follow existing practices for this expense; there is no special Common Accounting Number (CAN).

- See RM 10205.300 for instructions on when to code evidence of age as suspect pending verification.

- See RM 10205.310 for processing instructions when suspect documents are involved.

- Provide the applicant with the Acknowledgement letter per RM 10205.215. The Acknowledgement letter can be printed from SSNAP.

## E.  BVS reports that the BC is acceptable

If the BVS verifies the applicant's BC, there is no reason to question the continued existence of the child, and all other required evidence is submitted, process the ███████ation per RM 10205.315.

## F.  BVS determines that the BC is fraudulent

If the BVS does not verify the applicant's BC, do not process the ███████ation. Follow instructions in RM 10205.320.

## G.  Alternative evidence is submitted

1. When alternative evidence of age is submitted, perform a visual inspection of the evidence per instructions in RM 10210.210.

2.  If the document does not appear to belong to the applicant, or if the document can immediately be determined to be fraudulent per RM 10205.305, follow the procedure in RM 10205.325, Processing an ██████ation when Documents are Immediately Determined to be Fraudulent.

3.  Explain to the applicant that:

    *   Under the law, SSA must verify birth records with the custodian of the record before processing the ██████ation, and

    *   There may be a delay in the receipt of the SSN card because of this verification requirement.

4.  Give the applicant a printout of the appropriate public information materials explaining the IRTPA requirements.

5.  If the document passes your review, request verification of the document.

## H.  Request verification of alternative evidence

### 1.  Custodian or issuing entity of the birth record is a hospital or health care provider

If the custodian or issuing entity of the birth record is a hospital or health care provider, take the following actions:

*   Have the applicant sign the disclosure authorization in Part 1 of the Form SSA-L706, "Letter to Custodian of Birth Records." This release is required under the HIPAA rules and permits the hospital/health care provider to release records about the applicant's birth to SSA. The SSA-L706 is available in SSNAP. Complete applicable entries on the form per GN 00302.070.

*   Provide a copy of the document submitted as a birth record for the U.S.-born individual under age one and the SSA-L706 signed by the proper applicant to the custodian/issuing entity (i.e., the hospital/health care provider).

- See RM 10205.300 for instructions on when to code evidence of age as suspect pending verification.

- Provide the applicant with the Acknowledgement letter per RM 10205.215. The Acknowledgement letter can be printed from SSNAP.

**2. Custodian or issuing entity of the birth record is not a hospital or health care provider**

- See specific references in GN 00302.000 or RM 10210.265 for instructions on how to evaluate particular types of evidence (e.g., delayed BCs, a physician's records, and school records).

- See RM 10205.300 for instructions on when to code evidence of age as suspect pending verification.

- Provide the applicant with the Acknowledgement letter per RM 10205.215. The Acknowledgement letter can be printed from SSNAP.

## I. Verifying agency reports that the evidence is acceptable

If the verifying agency reports that the evidence is acceptable, and all other required evidence is submitted, process the ███████ation per RM 10205.315.

## J. Verifying agency reports that the evidence is fraudulent

If the verifying agency reports that the evidence is fraudulent, do not process the ███ ███████ation. Follow instructions in RM 10205.320.

---

Select Year:  2024 ⌄  Go

# The 2024 Florida Statutes (including 2025 Special Session C)

Title XXIX                    Chapter 382                    View Entire Chapter
PUBLIC HEALTH                 VITAL STATISTICS

**382.016**    **Amendment of records.**—The department, upon receipt of the fee prescribed in s. 382.0255; documentary evidence, as specified by rule, of any misstatement, error, or omission occurring in any birth, death, or fetal death record; and an affidavit setting forth the changes to be made, shall amend or replace the original certificate as necessary.

(1)  CERTIFICATE OF LIVE BIRTH AMENDMENT.—

(a)  Until a child's first birthday, the child's given name or surname may be amended upon receipt of the fees prescribed in s. 382.0255 and an affidavit signed by each parent named on the original birth certificate or by the registrant's guardian. If both parents are named on the certificate but both are not willing or available to sign the affidavit, the registrant's name may only be amended by court order.

(b)  Upon written request and receipt of an affidavit, a notarized voluntary acknowledgment of paternity signed by the mother and father acknowledging the paternity of a registrant born out of wedlock, or a voluntary acknowledgment of paternity that is witnessed by two individuals and signed under penalty of perjury as specified by s. 92.525(2), together with sufficient information to identify the original certificate of live birth, the department shall prepare a new birth certificate, which shall bear the same file number as the original birth certificate. The names and identifying information of the parents shall be entered as of the date of the registrant's birth. The surname of the registrant may be changed from that shown on the original birth certificate at the request of the mother and father of the registrant, or the registrant if of legal age. If the mother and father marry each other at any time after the registrant's birth, the department shall, upon receipt of a marriage license that identifies the registrant, or upon the request of the mother and father or registrant if of legal age and proof of the marriage, amend the certificate with regard to the parents' marital status as though the parents were married at the time of birth. The department shall substitute the new certificate of birth for the original certificate on file. All copies of the original certificate of live birth in the custody of a local registrar or other state custodian of vital records shall be forwarded to the State Registrar. Thereafter, when a certified copy of the certificate of birth or portion thereof is issued, it shall be a copy of the new certificate of birth or portion thereof, except when a court order requires issuance of a certified copy of the original certificate of birth. Except for a birth certificate on which a father is listed pursuant to an affidavit, a notarized voluntary acknowledgment of paternity signed by the mother and father acknowledging the paternity of a registrant born out of wedlock, or a voluntary acknowledgment of paternity that is witnessed by two individuals and signed under penalty of perjury as specified by s. 92.525(2), the department shall place the original certificate of birth and all papers pertaining thereto under seal, not to be broken except by order of a court of competent jurisdiction or as otherwise provided by law.

(c)  If a father's name is listed on the birth certificate, the birth certificate may only be amended to remove the father's name or to add a different father's name upon court order. If a change in the registrant's surname is also desired, such change must be included in the court order or the name must be changed pursuant to s. 68.07.

(d)  For a child born in this state whose paternity is established in another state, the department shall amend the child's birth certificate to include the name of the father upon receipt of:

1.  A certified copy of an acknowledgment of paternity, final judgment, or judicial or administrative order from another state that determines the child's paternity; or

2.    A noncertified copy of an acknowledgment of paternity, final judgment, or judicial or administrative order from another state that determines the child's paternity when provided with an affidavit or written declaration from the Department of Revenue that states the document was provided by or obtained from another state's Title IV-D program.

The department may not amend a child's birth certificate to include the name of the child's father if paternity was established by adoption and the father [1] would not be eligible to adopt under the laws of this state.

(e)    The Department of Revenue shall develop written educational materials for use and distribution by the Department of Children and Families, Department of Corrections, Department of Education, Department of Health, and Department of Juvenile Justice that describe how paternity is established and the benefits of establishing paternity. The Department of Children and Families, Department of Corrections, Department of Education, Department of Health, and Department of Juvenile Justice shall make the materials available to individuals to whom services are provided and are encouraged to provide additional education on how paternity is established and the benefits of establishing paternity.

(2)    CERTIFICATE OF DEATH AMENDMENTS.—Except for a misspelling or an omission on a death certificate with regard to the name of the surviving spouse, the department may not change the name of a surviving spouse on the certificate except by order of a court of competent jurisdiction.

**History.**—ss. 1, 2, 3, ch. 24114, 1947; s. 120, ch. 77-147; s. 14, ch. 87-387; s. 99, ch. 97-237; s. 19, ch. 99-397; s. 11, ch. 2001-53; s. 3, ch. 2004-34; s. 9, ch. 2004-334; ss. 17, 18, 19, ch. 2005-39; ss. 6, 7, ch. 2005-82; s. 5, ch. 2010-187; s. 67, ch. 2014-19.

[1]**Note.**—As enacted by s. 18, ch. 2005-39. The s. 7, ch. 2005-82, version used "is not eligible" instead of "would not be eligible."
**Note.**—Former s. 382.49.

Copyright © 1995-2025 The Florida Legislature • Privacy Statement • Contact Us

# 2024 Florida Statutes

**Exhibit H**

**< Back to Statute Search**

Title XXIX    PUBLIC HEALTH

Chapter 382    VITAL STATISTICS

**SECTION 0135    Social security numbers; enumeration-at-birth program.**

382.0135    Social security numbers █████████ birth program.—The department shall make arrangements with the United States Social Security Administration for electronic notification of deaths that occur in the state and to participate in the voluntary enumeration-at-birth program. The State Registrar is authorized to take any actions necessary to administer the program in this state, including modifying the procedures and forms used in the birth registration process.
History.—s. 1, ch. 88-348; s. 53, ch. 97-101; s. 97, ch. 97-237; s. 8, ch. 2015-105.

Privacy Policy | View Full Site

Copyright © 2000-2025 State of Florida.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-006216-O
DIVISION: CIVIL – Equity

TA-SHA LAVONNE HESTER ®, by
and through Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff,
v.

Florida Department of Vital Statistics, Social Security Administration, Internal Revenue
Service, Florida Highway Safety and Motor Vehicles, U.S. Department of the Treasury,
Orange County Comptroller, Florida Department of Financial Services, Department of
Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service, and the major credit bureaus
including Experian, Equifax, and TransUnion.

_____,

Defendants.

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE

COMES NOW Plaintiff, Ta-Sha Lavonne Hester, in proper person, sui juris, and in her
fiduciary capacities as Trustee and Executrix of the TA-SHA LAVONNE HESTER ®Estate &
Trust, pursuant to Florida Rule of Civil Procedure 1.140(f), and moves this Court to strike
the Affirmative Defense set forth in Defendant's "Answer and Affirmative Defense to
Amended Petition," and in support states as follows:

## I. INTRODUCTION

On August 13, 2025, Defendant filed an "Answer and Affirmative Defense" asserting a single
affirmative defense under Fla. R. Civ. P. 1.140(b)(6), alleging that Plaintiff "fails to state a
cause of action on which relief may be granted."

On August 14, 2025, Plaintiff filed an Affidavit of Truth and Rebuttal with supporting
exhibits (Filing #229423695), directly refuting Defendant's allegations and demonstrating
that the Amended Petition states a valid and cognizable cause of action under Florida law.

## II. LEGAL STANDARD

Under Florida law, an affirmative defense must allege ultimate facts which, if proven, would
completely bar or defeat the plaintiff's claim. Cady v. Chevy Chase Sav. & Loan, Inc., 528 So.
2d 136 (Fla. 4th DCA 1988).

A mere legal conclusion, unsupported by factual allegations, is legally insufficient and
subject to being stricken. Scovell v. Delco Oil Co., 798 So. 2d 844 (Fla. 5th DCA 2001); Zito v.
Washington Fed. Sav., 318 So. 3d 1280 (Fla. 3d DCA 2021).

## III. ARGUMENT

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Defendant's affirmative defense consists solely of the legal conclusion that Plaintiff has failed to state a cause of action, without alleging any specific facts to support such conclusion.

Defendant fails to identify any missing legal element, factual deficiency, or statutory bar in Plaintiff's Amended Petition.

Plaintiff's Amended Petition sets forth specific factual allegations supported by statutory authority, constitutional provisions, and certified documentary exhibits establishing:

a. Plaintiff's legal standing and capacity in both personal and fiduciary roles.

b. Defendant's statutory duties under Chapter 382, Florida Statutes.

c. The acts and omissions constituting the injury; and

d. The relief sought within the jurisdiction of this Court.

Plaintiff's Affidavit of Truth and Rebuttal, with Exhibits A–H, further demonstrates that the claims are factually and legally sufficient.

## IV. CONCLUSION

Because Defendant's affirmative defense is a bare legal conclusion lacking any supporting factual allegations, it is legally insufficient under Rule 1.140(f) and must be stricken.

Striking this defense will narrow the issues before the Court and prevent unnecessary litigation over meritless defenses.

WHEREFORE, Plaintiff respectfully requests that this Court strike the Affirmative Defense asserted by Defendant in its Answer and grant such other relief as the Court deems just and proper.

Respectfully submitted this __14th__ day of __August__, 2025.

By _Ta-Sha Lavonne Hester_
Ta-Sha Lavonne Hester
In proper person, sui juris
Trustee and Executrix
TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all parties through the Florida Courts E-Filing Portal on this __14th__ day of __August__, 2025.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

By Hud, Ta-Sha Lay

Ta-Sha Lavonne Hester
In proper person, sui juris
Trustee and Executrix
TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-006216-O
DIVISION: CIVIL – Equity

TA-SHA LAVONNE HESTER™, by

and through Ta-Sha Lavonne Hester, Trustee and Executrix

Plaintiff,

v.

Florida Department of Vital Statistics, Social Security Administration, Internal Revenue
Service, Florida Highway Safety and Motor Vehicles, U.S. Department of the Treasury,
Orange County Comptroller, Florida Department of Financial Services, Department of
Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service, and the major credit bureaus
including Experian, Equifax, and TransUnion
_____,

Defendants

NOTICE OF HEARING

YOU WILL PLEASE TAKE NOTICE that the undersigned, on behalf of Plaintiff, will call up for hearing
before the Honorable Luis F. Calderon, Circuit Judge, Division 37, Orange County Courthouse, 425 N.
Orange Avenue, Orlando, Florida 32801, Hearing Room 1100.01, on:

Date: Tuesday, September 2, 2025
Time: 2:00 PM
Appearance: Remote (Webex)
Time Allotted: 15 minutes

the following motion(s): Plaintiff's Motion to Strike Affirmative Defense

This hearing has been confirmed and scheduled for September 2, 2025, at 2:00 p.m. for 15 minutes.
Remote (Webex): https://ninthcircuit.webex.com/join/37orange

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served via the Florida Courts E-Filing Portal
to all counsel/parties of record this __19__ day of August 2025.

/s/Ta-Sha Lavonne Hester
Plaintiff, Executrix & Trustee
Mobile: 689-444-7772

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2025-CA-006216-O

TA-SHA LAVONNE HESTER™, by
and through Ta-Sha Lavonne Hester,
Trustee and Executrix,

      Plaintiff,

v.

Florida Department of Vital Statistics,
Experian, et al.

      Defendants.

_____/

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS THE COMPLAINT

Defendant Experian Information Solutions, Inc. ("Experian"), by and through the undersigned and pursuant to Fla. R. Civ. P. 1.140(b)(6), hereby files this Motion to Dismiss the Complaint filed by Plaintiff **TA-SHA LAVONNE HESTER™, by and through Ta-Sha Lavonne Hester, Trustee and Executrix** ("Plaintiff") and states as follows:

## INTRODUCTION

On August 4, 2025, Plaintiff filed an amended petition for equitable relief, damages and trust reconstruction ("complaint"). Plaintiff alleges she then mailed the complaint to Experian.

The complaint contains seven causes of action: (1) Forced Labor and Involuntary Servitude, (2) Human Trafficking Through Identity Exploitation, (3) Debt Bondage by Unauthorized Commercial Conversion, (4) Identity Theft and Misappropriation of Identifiers, (5) Breach of Fiduciary Duty by Custodians and Financial Institutions, (6) Economic Harm and Captivity Through Risk-Based Profiling, and (7) Constructive Trust by State Through Birth

1

Certificate Registration.  None of the seven causes of action reference or relate to Experian.  The Court should dismiss this case in its entirety and with prejudice for the reasons set forth herein.

## STANDARD OF REVIEW

A motion to dismiss under Rule 1.140(b)(6) of the Florida Rules of Civil Procedure "tests the legal sufficiency of a complaint." *McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss*, 704 So. 2d 214, 215 (Fla. 2d DCA 1998). The function of the motion to dismiss is to raise a question of law as to the sufficiency of the facts alleged to state a cause of action. *Varnes v. Dawkins*, 624 So. 2d 349, 350 (Fla. 1st DCA 1993).

Florida is a fact pleading jurisdiction where plaintiffs must plead ultimate facts – not conclusions – to support a claim. *Graulau Maldonado v. Orange Cnty. Pub. Library Sys.*, 273 So. 3d 278, 279 (Fla. 5th DCA 2019).  A pleader must set forth facts and claims in a manner that reasonably informs her adversary of what is proposed to be proved and afford the latter with a fair opportunity to meet it and prepare his evidence. *Walker v. Walker*, 254 So. 3d 832 (Fla. 1st DCA 1971).

## ARGUMENT

### Failure to State a Cause of Action

The complaint fails to state a claim for relief against Experian. The requirements for pleading a claim for relief are set forth in Florida Rules of Civil Procedure 1.110(b).  A complaint requires a "short plain statement of ultimate fact showing that the pleader is entitled to relief." Rule 1.110(b). A claim must do more than plead opinions, legal conclusions, theories or argument. *See Barrett v. City of Margate*, 743 So.2d 1160, 1163 (Fla. 4th DCA 1999).

The complaint is a series of provocative assertions and legal theories that contain no factual allegations to connect the Plaintiff, let alone the Defendants, to these assertions.  Other

than the style of the case and the second paragraph listing the Defendants, Experian is not referenced in the complaint.   Plaintiff fails to allege any wrongdoing by Experian let alone any facts that make Experian liable or relating Experian in any way to any of the seven claims brought by Plaintiff.

At best, the complaint is a recitation of the Florida Constitution and Florida Statutes, with no factual assertion to put the parties on notice of how to defend the lawsuit.

**Dismissal With Prejudice**

A motion to dismiss with prejudice is appropriate where a plaintiff clearly cannot allege a cause of action. *City of Delray Beach v. Sherman Williams Am. Legion, Post* 188, 258 So. 3d 440 (Fla. 4th DCA 2023). The Plaintiff is unable to cure the failure to state a cause of action as there is no known legal theory that would connect any of her seven claims to Experian. Therefore, the complaint should be dismissed with prejudice.

## <u>CONCLUSION</u>

WHEREFORE, Defendant Experian respectfully requests that the Court grant this Motion to Dismiss, and dismiss this action in its entirety, with prejudice.


I certify that conferral prior to filing is not required under Rule 1.202 because the nonmovant is unrepresented by counsel.

__ /s/ *Gary Sonnenfeld*___
Gary Sonnenfeld, Esq.

Respectfully submitted this 25th day of August, 2025.

By: /s/ Gary Sonnenfeld
Gary Sonnenfeld (Florida Bar No. 53261)
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697.1266
Facsimile: (804) 697.1339
Email: gary.sonnenfeld@troutman.com

*Counsel for Defendant Experian*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using Florida Courts E-Filing Portal, which will transmit notice of electronic filing on all counsel listed on the Service List below.

By: /s/ Gary Sonnenfeld
Gary Sonnenfeld (Florida Bar No. 53261)

*Counsel for Defendant Experian Information
Solutions, Inc.*

## SERVICE LIST

Ta-Sha Lavonne Hester, Trustee and Executrix
9048 Summit Centre Way, Apt. 108
Orlando, Florida 32810
tashahesterestate@gmail.com
*Plaintiff pro se*

Steven D. Griffin, Esq.
4052 Bald Cypress Way, Bin A-02
Tallahassee, FL 32399
Florida Department of Health
Steven.Griffin@flhealth.com

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2025-CA-006216-O

TA-SHA LAVONNE HESTER™, by and through
Ta-Sha Lavonne Hester,
 proceeding as Trustee and Executrix

Plaintiff,
v.

Florida Department of Vital Statistics, Experian, et al.,
Defendants.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTIONS TO DISMISS
FOR LACK OF REAL PARTY IN INTEREST APPEARANCE**

Plaintiff, a living woman proceeding as Trustee, Executrix, and Beneficiary of her
private estate and trust, respectfully moves this Court to strike the Motions to Dismiss
filed by Defendants Experian Information Solutions, Inc. ("Experian") and the Florida
Department of Vital Statistics ("Vital Statistics"), and in support states as follows:

**1. Equity Jurisdiction Governs**
This matter is brought in equity, invoking trust and fiduciary principles. Florida courts
recognize that when equity jurisdiction is invoked, the fiduciary or custodian is required
to answer directly. See Fla. Stat. § 736.1001 (trustee duties and remedies in equity);
Parker v. Parker, 185 So. 3d 616, 619 (Fla. 4th DCA 2016) (trust litigation governed by
equitable principles, requiring trustee's direct accountability).

**2. Real Party in Interest Must Appear**
Florida law requires every action to be prosecuted and defended by the real party in
interest. See Fla. R. Civ. P. 1.210(a); Kumar Corp. v. Nopal Lines, Ltd., 462 So. 2d 1178,
1184 (Fla. 3d DCA 1985) ("The real party in interest is the person in whom rests, by
substantive law, the claim sought to be enforced."). Here, the real parties in interest are
the fiduciaries/custodians themselves — Experian and Vital Statistics — not their
attorneys.

**3. Counsel Cannot Substitute for Fiduciary Accountability in Equity**
While corporations generally appear through counsel (Szteinbaum v. Kaes Inversiones y
Valores, C.A., 476 So. 2d 247 (Fla. 3d DCA 1985)), equity imposes higher duties. An
attorney, as a third-party agent, cannot provide the sworn fiduciary answer required in
equity. See In re Estate of Pearce, 507 So. 2d 729, 731 (Fla. 5th DCA 1987) (fiduciary
must personally account and cannot delegate away statutory duties). Neither Experian nor

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Vital Statistics has provided a verified or sworn response from an officer, trustee, or custodian of records. Their filings are solely by attorneys and therefore defective under equity jurisdiction.

### 4. Verified Pleadings Required in Equity

Florida Rule of Civil Procedure 1.130(a) and 1.110(b) require that when a claim or defense is founded on a written instrument or fiduciary duty, the pleadings must contain the substance of such instrument, verified where applicable. Equity practice is even stricter: trustees and fiduciaries must provide verified accountings and answers. See Fla. Stat. § 736.08135 (trustee's duty to provide accounting). Experian and Vital Statistics have filed only unsworn legal arguments by counsel, which do not meet these requirements.

### 5. Prejudice to Plaintiff

Allowing defendants to hide behind unsworn attorney filings deprives Plaintiff of the equitable right to a true accounting by fiduciaries. It obstructs discovery of the real party in interest and frustrates equity's goal of transparency and fiduciary responsibility.

### WHEREFORE

Plaintiff respectfully requests this Court:

1. Strike the Motions to Dismiss filed by Experian and Vital Statistics as defective and unauthorized;
2. Order that the real parties in interest — the fiduciaries or custodians themselves — must appear and answer directly in equity, with verified pleadings;
3. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

By: Ta-Sha Lavonne Hester
Trustee and Executrix

9048 Summit Centre Way, Apt. 108
Orlando, Florida 32810
Email: tashahesterestate@gmail.com

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-006216-O
DIVISION: CIVIL – Equity

TA-SHA LAVONNE HESTER™, by
and through Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff,
v.

Florida Department of Vital Statistics, Social Security Administration, Internal Revenue
Service, Florida Highway Safety and Motor Vehicles, U.S. Department of the Treasury,
Orange County Comptroller, Florida Department of Financial Services, Department of
Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service, and the major credit bureaus
including Experian, Equifax, and TransUnion

_____,
Defendants

**MOTION FOR CLERK'S DEFAULT**

COMES NOW the Plaintiff, Ta-Sha Lavonne Hester, Trustee and Executrix by and through the
TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST, and respectfully
moves this Court for the entry of a Clerk's Default against the above-named Defendants, and
states as follows:

1. This action invokes the Equitable Jurisdiction of this Court in Trust Litigation.
2. Defendants were duly served by Certified Mail on the following dates, with tracking
   numbers as indicated:
   - Orange County Comptroller — Tracking No. 9589 0710 5270 0401 0623 45 —
     Delivered 8/8/2025
   - U.S. Army — Tracking No. 9589 0710 5270 1896 2255 36 — Delivered 8/8/2025
   - Florida Department of Vital Statistics — Tracking No. 9589 0710 5270 1896
     2255 50 — Delivered 8/9/2025
   - DTCC — Tracking No. 9589 0710 5270 1896 2255 67 — Delivered 8/11/2025
   - Bureau of the Fiscal Service — Tracking No. 9589 0710 5270 1896 2255 43 —
     Delivered 8/11/2025
   - Equifax — Tracking No. 9589 0710 5270 2317 2892 29 — Delivered 8/11/2025
   - TransUnion — Tracking No. 9589 0710 5270 2317 3343 25 — Delivered
     8/11/2025
   - Social Security Administration — Tracking No. 9589 0710 5270 2317 2892 67 —
     Delivered 8/12/2025
3. More than twenty (20) days have elapsed since service was perfected.
4. No custodian, fiduciary, or authorized agent of any Defendant has filed a responsive
   pleading, entered an appearance, or otherwise defended against this action.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

WHEREFORE, Plaintiff respectfully requests that the Clerk enter a Default against the above-named Defendants for failure to plead or otherwise defend as required by the Florida Rules of Civil Procedure.

Respectfully submitted this _02__ day of September 2025.

By: _____

TA-SHA LAVONNE HESTER™, by
and through
Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff

**DEFAULT**

A Default is hereby entered in this cause against Defendants Orange County Comptroller, U.S. Army, Florida Department of Vital Statistics, DTCC, Bureau of the Fiscal Service, Equifax, TransUnion, and Social Security Administration for failure to file or serve any paper or otherwise appear as custodian, fiduciary, or agent in this Trust Litigation proceeding in Equity.

WITNESS my hand and the Seal of said Court this  2  day of September 2025.

Tiffany Moore Russell, Clerk of Courts

/s/ Scrolan Bradac

Deputy Clerk
**Civil Division**
425 N Orange Ave
Room 350
Orlando, FL 32801

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-006216-O
DIVISION: CIVIL – Equity

TA-SHA LAVONNE HESTER™, by
and through Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff,
v.
Florida Department of Vital Statistics, Social Security Administration, Internal Revenue
Service, Florida Highway Safety and Motor Vehicles, U.S. Department of the Treasury,
Orange County Comptroller, Florida Department of Financial Services, Department of
Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service, and the major credit bureaus
including Experian, Equifax, and TransUnion

_____,
Defendants

**MOTION FOR CLERK'S DEFAULT**

COMES NOW the Plaintiff, Ta-Sha Lavonne Hester, Trustee and Executrix by and through the
TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST, and respectfully
moves this Court for the entry of a Clerk's Default against the above-named Defendants, and
states as follows:

1. This action invokes the Equitable Jurisdiction of this Court in Trust Litigation.
2. Defendants were duly served by Certified Mail on the following dates, with tracking
   numbers as indicated:
   - Orange County Comptroller — Tracking No. 9589 0710 5270 0401 0623 45 —
     Delivered 8/8/2025
   - U.S. Army — Tracking No. 9589 0710 5270 1896 2255 36 — Delivered 8/8/2025
   - Florida Department of Vital Statistics — Tracking No. 9589 0710 5270 1896
     2255 50 — Delivered 8/9/2025
   - DTCC — Tracking No. 9589 0710 5270 1896 2255 67 — Delivered 8/11/2025
   - Bureau of the Fiscal Service — Tracking No. 9589 0710 5270 1896 2255 43 —
     Delivered 8/11/2025
   - Equifax — Tracking No. 9589 0710 5270 2317 2892 29 — Delivered 8/11/2025
   - TransUnion — Tracking No. 9589 0710 5270 2317 3343 25 — Delivered
     8/11/2025
   - Social Security Administration — Tracking No. 9589 0710 5270 2317 2892 67 —
     Delivered 8/12/2025
3. More than twenty (20) days have elapsed since service was perfected.
4. No custodian, fiduciary, or authorized agent of any Defendant has filed a responsive
   pleading, entered an appearance, or otherwise defended against this action.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

WHEREFORE, Plaintiff respectfully requests that the Clerk enter a Default against the above-named Defendants for failure to plead or otherwise defend as required by the Florida Rules of Civil Procedure.

Respectfully submitted this __02__ day of September 2025.

By: _____

TA-SHA LAVONNE HESTER™, by
and through
Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff

## DEFAULT

A Default is hereby entered in this cause against Defendants Orange County Comptroller, U.S. Army, Florida Department of Vital Statistics, DTCC, Bureau of the Fiscal Service, Equifax, TransUnion, and Social Security Administration for failure to file or serve any paper or otherwise appear as custodian, fiduciary, or agent in this Trust Litigation proceeding in Equity.

WITNESS my hand and the Seal of said Court this ___ day of _____, 2025.

Clerk of the Circuit Court
Orange County, Florida

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2025-CA-006216-O
DIVISION: CIVIL – Equity

TA-SHA LAVONNE HESTER™, by
and through Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff,
v.
Florida Department of Vital Statistics, Social Security Administration, Internal Revenue
Service, Florida Highway Safety and Motor Vehicles, U.S. Department of the Treasury,
Orange County Comptroller, Florida Department of Financial Services, Department of
Education, U.S. Army, DTCC, GSA, Bureau of the Fiscal Service, and the major credit bureaus
including Experian, Equifax, and TransUnion
_____,
Defendants

**MOTION FOR CLERK'S DEFAULT**

COMES NOW the Plaintiff, Ta-Sha Lavonne Hester, Trustee and Executrix by and through the
TA-SHA LAVONNE HESTER ECCLESIASTICAL ESTATE & TRUST, and respectfully
moves this Court for the entry of a Clerk's Default against the above-named Defendants, and
states as follows:

1. This action invokes the Equitable Jurisdiction of this Court in Trust Litigation.
2. Defendants were duly served by Certified Mail on the following dates, with tracking
   numbers as indicated:
   o Orange County Comptroller — Tracking No. 9589 0710 5270 0401 0623 45 —
     Delivered 8/8/2025
   o U.S. Army — Tracking No. 9589 0710 5270 1896 2255 36 — Delivered 8/8/2025
   o Florida Department of Vital Statistics — Tracking No. 9589 0710 5270 1896
     2255 50 — Delivered 8/9/2025
   o DTCC — Tracking No. 9589 0710 5270 1896 2255 67 — Delivered 8/11/2025
   o Bureau of the Fiscal Service — Tracking No. 9589 0710 5270 1896 2255 43 —
     Delivered 8/11/2025
   o Equifax — Tracking No. 9589 0710 5270 2317 2892 29 — Delivered 8/11/2025
   o TransUnion — Tracking No. 9589 0710 5270 2317 3343 25 — Delivered
     8/11/2025
   o Social Security Administration — Tracking No. 9589 0710 5270 2317 2892 67 —
     Delivered 8/12/2025
3. More than twenty (20) days have elapsed since service was perfected.
4. No custodian, fiduciary, or authorized agent of any Defendant has filed a responsive
   pleading, entered an appearance, or otherwise defended against this action.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

WHEREFORE, Plaintiff respectfully requests that the Clerk enter a Default against the above-named Defendants for failure to plead or otherwise defend as required by the Florida Rules of Civil Procedure.

Respectfully submitted this __02__ day of September 2025.

By: *Hedi, Ti Shaften*

TA-SHA LAVONNE HESTER™, by
and through
Ta-Sha Lavonne Hester, Trustee and Executrix
Plaintiff

**DEFAULT**

A Default is hereby entered in this cause against Defendants Orange County Comptroller, U.S. Army, Florida Department of Vital Statistics, DTCC, Bureau of the Fiscal Service, Equifax, TransUnion, and Social Security Administration for failure to file or serve any paper or otherwise appear as custodian, fiduciary, or agent in this Trust Litigation proceeding in Equity.

WITNESS my hand and the Seal of said Court this _2_ day of September 2025.

Tiffany Moore Russell, Clerk of Courts
*/s/ Scrolan Bradac*
Deputy Clerk
**Civil Division**
425 N Orange Ave
Room 350
Orlando, FL 32801

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**

TA-SHA LAVONNE HESTER,

      Plaintiff,                        Case No. 2025-CA-006216-O

v.

INTERNAL REVENUE SERVICE, ET AL.

      Defendants.

_____/

**DEFENDANT TRANS UNION, LLC'S AND**
**EQUIFAX INFORMATION SERVICES, LLC'S**
**<u>JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant, Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax," and together with Trans Union, "Defendants"), by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.140(b)(6), hereby submit their Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). In support thereof, state:

**<u>INTRODUCTION</u>**

On August 1, 2025, Plaintiff Ta-Sha Lavonne Hester ("Plaintiff") filed an Amended Complaint titled, "Amended Petition for Equitable Relief and Damages for Equitable Relief, Damages, and Trust Reconstruction (the "Complaint"). The Complaint asserts seven causes of action against fifteen defendants. The specific causes of actions include: (1) Forced Labor and Involuntary Servitude, (2) Human Trafficking Through Identity Exploitation, (3) Debt Bondage by Unauthorized Commercial Conversion, (4) Identity Theft and Misappropriation of Identifiers, (5) Breach of Fiduciary Duty by Custodians and Financial Institutions, (6) Economic Harm and Captivity Through Risk-Based Profiling, and (7) Constructive Trust by State Through Birth Certificate Registration. The defendants named in the Complaint, include, but are not limited to,

the Internal Revenue Service, the Social Security Administration, the Department of Education, the U.S. Army, Trans Union, and Equifax.

However, Plaintiff makes no attempt to specify which causes of actions are brought against Defendants. Worse still, Plaintiff has not pled a single factual allegation to support any of the causes of actions, let alone sufficient allegations of ultimate fact to meet Florida's legal pleading standards. Therefore, Plaintiff's Complaint must be dismissed.

## **LEGAL STANDARD**

"Whether a complaint is sufficient to state a cause of action is an issue of law." *Crawley-Kitzman v. Hernandez*, 324 So.3d 968, 974 (Fla. 3d DCA June 23, 2021) (quoting *Kond v. Mudryk*, 769 So. 2d 1073, 1076 (Fla. 4th DCA 2000). "Florida Rule of Civil Procedure 1.110(b)(2) requires that '[a] pleading which sets forth a claim for relief…must state a cause of action and shall contain … a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.'" *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990). "Those allegations are then reviewed in light of the applicable substantive law to determine the existence of a cause of action." *Blue Supply Corp. v. Novos Electro Mech., Inc.*, 990 So. 2d 1157, 1159 (Fla. 3d DCA 2008) (quoting *Peeler v. Indep. Life & Acc. Ins. Co.*, 206 So. 2d 34, 36 (Fla. 3d DCA 1967)).

"Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort." *Horowitz v. Laske*, 855 So. 2d 169, 173 (Fla. 5th DCA 2003). And, "[i]t is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts *as distinguished from legal conclusions* which, if proved, would establish a cause of action for which relief may be granted." *Maiden v. Carter*, 234 So. 2d 168, 170 (Fla. 1st DCA 1970) (emphasis added). A complaint that fails to state

2

a cause of action should be dismissed. *See Maiden*, 234 So. 2d at 170; *see also* Fla. R. Civ. P.
1.140(b)(6).

## **ARGUMENT**

### I.    **Plaintiff's Complaint fails to comply with Fla. R. Civ. P 1.110.**

Plaintiff's Complaint must be dismissed because it does not achieve even minimal
compliance with Florida Rule of Civil Procedure 1.110. In Florida, "[a] complaint must set out the
elements and the facts that support them so that the court and the defendant can clearly determine
what is being alleged." *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999)
(citing *Messana v. Maule Indus.*, 50 So. 2d 874, 876 (Fla. 1951) (a complainant must "plead [a]
factual matter sufficient to apprise his adversary of what he is called upon to answer so that the
court may, upon proper challenge determine its legal effect."). "The complaint, whether filed by
an attorney or pro se litigant, must set forth factual assertions that can be supported by evidence
which gives rise to legal liability. It is not permissible for any litigant to submit a disorganized
assortment of allegations and argument in hope that a legal premise will materialize on its own."
*Id.* at 1163.

To begin with, Plaintiff's Complaint makes it impossible to tell with any certainty which
specific causes of action Plaintiff is alleging against Defendants, as Plaintiff has impermissibly
lumped together every defendant. Moreover, and most importantly, Plaintiff has pled no facts
describing how Defendants may be liable for the wide range of causes of action asserted.
Specifically, each of Plaintiff's causes of action are limited to short paragraphs that simply cite the
Florida Constitution and/or a Florida Statute that purportedly creates such cause of action. Not
once does Plaintiff assert a factual allegation pertaining to the conduct or actions of Defendants.
Without any factual allegations to support her causes of action, Plaintiff has failed to show that

she may ultimately be entitled to relief. Accordingly, Plaintiff's Complaint is clearly insufficient under Rule 1.110 and is due for dismissal.

## II.    Plaintiff's Complaint should be dismissed with prejudice.

Plaintiff's Complaint should be dismissed with prejudice because she is unable to cure the failure described herein and state a cause of action against Defendants. Where the plaintiff cannot state a cause of action as a matter of law, the dismissal should be ***with prejudice***. *See, e.g., Boca Ctr. at Military, LLC v. City of Boca Raton*, 312 So. 3d 920, 921 (Fla. 4th DCA 2021) (affirming dismissal with prejudice because further amendment was futile where plaintiff could not state cause of action); *Crawley-Kitzman*, 324 So.3d 968, 977 (finding dismissal with prejudice appropriate where it appears there is no possible way to amend the complaint to state a cause of action). Because there is no legal theory that could support Plaintiff's causes of actions against Defendants, two credit reporting agencies, this Court should dismiss Plaintiff's Complaint with prejudice.

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should grant the instant Motion and dismiss Plaintiff's Complaint, with prejudice.

Dated: September 2, 2025                                    Respectfully submitted,

| */s/ Victor Silva, Esq.* | */s/ Paige Vacante* |
|---|---|
| Victor Silva, Esq. | Paige Vacante, Esq. |
| Fla. Bar No.: 1059856 | Florida Bar No. 1019135 |
| Buchanan Ingersoll & Rooney PC | SEYFARTH SHAW LLP |
| 401 E. Jackson Street, Suite 2400 | E-mail: pvacante@seyfarth.com |
| Tampa, FL 33602-5236 | 233 South Wacker Drive Suite 8000 |
| Tel: 813-222-1155 | Chicago, Illinois 60606 |
| Fax: 813-222-8189 | Phone:  (312) 460-5000 |
| Email: victor.silva@bipc.com | *Counsel for Defendant Equifax Information* |
| *Counsel for Defendant Trans Union, LLC* | *Services, LLC* |

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2025, I electronically filed the foregoing with the

Clerk of the Court using the system, which will send notification of such filing to all counsel of

record.

> */s/ Victor Silva*
> **Counsel for Defendant Trans Union, LLC**

# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

Case number:  2025-CA-006216-O
Motion to Strike Affirmative
Defense

## <u>COURT MINUTES</u>

COURT OPENED 2:00 PM on 2nd day of September, 2025 in No Location
This case came on this day for Motion
Honorable Calderon, Luis F , presiding

Ta Sha Lavonne Hester
_____
          Petitioner / Plaintiff

VS

 Internal Revenue Service; Florida Department Of Financial Services; Florida
Department Of Vital Statistics; Social Security Administration; U.s. Department Of The
Treasury; Orange County Comptroller; Department Of Education,; U.s. Army,; Dtcc,;
Gsa; Bureau Of The Fiscal Service; Equifax,; Transunion.; F Lorida Highway Safety And
Motor Vehicles; Experian
_____
          Respondent / Defendant

<u>Parties Present:</u>

- Court Reporter:   N/A

Court Deputy:     N/A

Plaintiff, Ta Sha Lavonne Hester appeared Pro se

Attorney Steven Griffin appeared on behalf of the Defendant, Department of Vital
Statistics


COURT RULES AS FOLLOWS:

Hearing held via Webex.  Court Denies Plaintiff's Motion to Strike Affirmative Defenses.

Court to issue an Order.

COURT RECESSED at 2:10 PM on this the 2nd day of September, 2025, subject to call.

Filed in Open Court on 09/02/2025
Deputy Clerk in Attendance: s/Jenilynn R
Office of Tiffany M. Russell, Orange County Clerk of the Circuit and County Courts



TIFFANY MOORE RUSSELL, ESQ.
CLERK OF THE COURT





Krystal.Carper@usdoj.gov

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 482025CA006216A001OX [2025-CA-006216-O] | 07/01/2025 | | ORANGE | CA - Trust Litigation | Pending | No | No |

| | | | 10 v |
|---|---|---|---|

| | Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| | CALDERON, LUIS FERNANDO | JUDGE | | |
| | TA SHA LAVONNE HESTER    Search This Party | PLAINTIFF | | |
| | FLORIDA DEPARTMENT OF VITAL ST    Search This Party | DEFENDANT | | |
| | SOCIAL SECURITY ADMINISTRATION    Search This Party | DEFENDANT | | |
| | U.S. DEPARTMENT OF THE TREASU    Search This Party | DEFENDANT | | |
| | ORANGE COUNTY COMPTROLLER    Search This Party | DEFENDANT | | |
| | DEPARTMENT OF EDUCATION,    Search This Party | DEFENDANT | | |
| | U.S. ARMY,    Search This Party | DEFENDANT | | |
| | DTCC,    Search This Party | DEFENDANT | | |
| | GSA    Search This Party | DEFENDANT | | |

**Dockets**

Page : 1    ALL v

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 60 | 09/02/2025 | HEARING - Motion - Calderon, Luis F (Actual: Calderon, Luis F) | |
| | 59 | 09/02/2025 | Court Minutes | 2 |
| | 58 | 09/02/2025 | Motion to Dismiss AMENDED COMPLAINT | 5 |
| | 57 | 09/02/2025 | Motion and Entry of Clerk Default Emailed | 2 |
| | 56 | 09/02/2025 | Motion for Default | 2 |
| | 55 | 09/02/2025 | Copy or Copies of Default | 2 |
| | 54 | 09/01/2025 | Petition or Motion to Strike DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF REAL PARTY IN INTEREST APPEARANCE-SENT TO JUDGE | 2 |
| | 53 | 08/25/2025 | Motion to Dismiss THE COMPLAINT | 4 |
| | 52 | 08/19/2025 | Notice of Hearing 9/2/2025 @ 2:00 p.m. | 1 |
| | 51 | 08/14/2025 | Petition or Motion to Strike Affirmative Defense | 3 |
| | 50 | 08/14/2025 | Affidavit in Support | 19 |
| | 49 | 08/14/2025 | Affidavit OF TRUTH AND REBUTTAL TO DEFENDANT ANSWER AND AFFIRMATIVE DEFENSE | 19 |
| | 48 | 08/13/2025 | Answer & Affirmative Defenses The State of Florida, Department of Health, Bureau of Vital Statistics | 2 |
| | 47 | 08/11/2025 | Certificate of Service | 5 |
| | 46 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 45 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 44 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 43 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 42 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 41 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 40 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 39 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 38 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 37 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 36 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 35 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 34 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 33 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 32 | 08/05/2025 | Summons Issued Electronically as to EM ATTY | 1 |
| | 31 | 08/04/2025 | Service Document Unable to be Issued The proposed summonses does not have name of other defendants in the heading of the proposed summons. | |
| | 30 | 08/04/2025 | Service Document Unable to be Issued DEFENDANTS NAME DOES NOT MATCH PER AMENDED COMPLAINT AND DOC SHOULD BE SUBMITTED SEPERATELY | |
| | 29 | 08/04/2025 | Service Document Unable to be Issued DEFENDANT NAME IS NOT MATCHING AS PER THE COMPLAINT | |
| | 28 | 08/04/2025 | Clerks Determination for Indigency is Approved INDIGENT | 2 |
| | 27 | 08/01/2025 | Application for Insolvency and Indigency For Clerk Review | 2 |
| | 26 | 08/01/2025 | Notice of Filing Note | 1 |
| | 25 | 08/01/2025 | Court Minutes | 2 |
| | 24 | 08/01/2025 | Letter FROM PLAINTIFF, TA SHA LAVONNE HESTER | |
| | 23 | 08/01/2025 | HEARING - Summary Judgment - Calderon, Luis F (Actual: Calderon, Luis F) | |
| | 22 | 08/01/2025 | Amended Complaint | 3 |
| | 21 | 07/31/2025 | Application for Insolvency and Indigency For Clerk Review | 2 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 20 | 07/31/2025 | Memorandum | 2 |
| | 19 | 07/31/2025 | Clerks Determination for Indigency is Approved emailed pro-se- INDIGENT | 2 |
| | 18 | 07/30/2025 | Petition VERIFIED PETITION FOR EQUITABLE LIQUIDATION OF CONSTRUCTIVE TRUST ESTATE | 2 |
| | 17 | 07/30/2025 | Notice of Filing VERIFIED PETITION AND PROPOSED ORDER | 1 |
| | 16 | 07/30/2025 | Affidavit OF TRUSTEE CAPACITY | 2 |
| | 15 | 07/24/2025 | Certificate of Service | 32 |
| | 14 | 07/15/2025 | Order Denying Affidavit of Trustee's Emergency Motion for Injunctive Relief as an Emergency and Setting in-Person Hearing- 8/1/2025 at 11:45am | 3 |
| | 13 | 07/14/2025 | Affidavit 2025-CA-006216-O | 5 |
| | 12 | 07/14/2025 | Affidavit ELECTRONIC DOCUMENT CERTIFICATION | 3 |
| | 11 | 07/14/2025 | Affidavit ELECTRONIC DOCUMENT CERTIFICATION | 3 |
| | 10 | 07/14/2025 | Affidavit ELECTRONIC DOCUMENT CERTIFICATION | 3 |
| | 9 | 07/13/2025 | Affidavit of Compliance | 4 |
| | 8 | 07/02/2025 | Uniform Order Setting Case for Non-Jury/Pretrial-Streamlined | 10 |
| | 7 | 07/01/2025 | Motion | 2 |
| | 6 | 07/01/2025 | Motion for Hearing | 2 |
| | 5 | 07/01/2025 | Directions to Clerk | 2 |
| | 4 | 07/01/2025 | Certificate of Exhibits | 15 |
| | 3 | 07/01/2025 | Complaint | 2 |
| | 2 | 07/01/2025 | Civil Cover Sheet | 3 |
| | 1 | 07/01/2025 | Case Initiated | |

**Judge Assignment History**

**Court Events**

**Warrants / Capias / Summons**

**Financial Summary**

**Reopen History**