UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TA-SHA LAVONNE HESTER,

        Plaintiff,                                  Case No. 6:25-cv-01710-CEM-DCI

v.

SOCIAL SECURITY ADMINISTRATION,
ET AL.

        Defendants.
_____/

**<u>DEFENDANTS' JOINT MOTION TO STAY DISCOVERY</u>**

Defendants, Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax," and together with TransUnion and Experian, the "CRA Defendants"), the Bureau of the Fiscal Service, Department of Education, Department of the Treasury, General Services Administration, Internal Revenue Service, Social Security Administration, and the U.S. Army (the "Federal Defendants," and together with the CRA Defendants, "Defendants"), file this Joint Motion to Stay Discovery, requesting that the Court stay discovery as to Defendants pending this Court's ruling on the Defendants' respective motions to dismiss. In support thereof, Defendants state as follows:

## I.  INTRODUCTION

Plaintiff, Ta-Sha Lavonne Hester ("Plaintiff") originally commenced this action on July 1, 2025, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. On August 1, 2025, Plaintiff filed an Amended Complaint alleging seven causes of action against fifteen defendants, including: (1) Forced Labor and Involuntary Servitude, (2) Human Trafficking Through Identity Exploitation, (3) Debt Bondage by Unauthorized Commercial Conversion, (4) Identity Theft and Misappropriation of Identifiers, (5) Breach of Fiduciary Duty by Custodians and Financial Institutions, (6) Economic Harm and Captivity Through Risk-Based Profiling, and (7) Constructive Trust by State Through Birth Certificate Registration. On September 4, 2025, the Federal Defendants removed the case to the Middle District of Florida.

Due to the deficiencies in Plaintiff's Amended Complaint—namely the lack of a single factual allegation to support her claims and general failure to give Defendants adequate notice of the claims asserted against them—Defendants have each filed a motion to dismiss Plaintiff's Amended Complaint for failing to state a claim and constituting an impermissible shotgun pleading. Specifically, Experian filed its Motion to Dismiss on August 25, 2025, in state court prior to removal (Dkt. 1-9, p. 24); the Federal Defendants filed their Motion to Dismiss on September 10, 2025 (Dkt. 9); and Trans Union and Equifax filed a Joint Motion to Dismiss on

2

September 11, 2025 (Dkt. 14) (collectively referred to as the "Dispositive Motions"). As such, each Defendant with an appearance in the instant litigation has a pending motion to dismiss the Amended Complaint.

Given the indecipherable nature of Plaintiff's Amended Complaint and the potential dismissal of the Amended Complaint against each Defendant, discovery at this time is premature. Neither the parties nor this Court should expend any further time, energy, or resources on discovery while the Dispositive Motions are pending.

## II.  LEGAL STANDARDS

This Court has broad discretion to control the pace of litigation and course of discovery to ensure cases move to a timely and orderly conclusion. *Boynton v. City of Tallahassee, Fla.*, 4:14-cv-292-MW/CAS, 2015 WL 12941886, at *1 (N.D. Fla. Apr. 3, 2015) (citing *Chrysler Intern. Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) (emphasizing "the broad discretion district courts have in managing their cases.")); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (holding "[w]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). This broad authority includes discretion to stay discovery while a dispositive Rule 12 motion is pending. *See* e.g. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "[f]acial challenges to the legal sufficiency of a claim or defense, such as a

motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); *see also Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."); *Smith v. Univ. Comm. Hosp., Inc.*, 8:18-cv-270-T-AAS, 2018 WL 4907910, at *2 (M.D. Fla. Oct. 10, 2018) (granting "motion to stay discovery pending the ruling on its motion for judgment on the pleadings").

A court may grant a motion to stay discovery upon a showing of "good cause and reasonableness." McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016); *see also Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1291 (N.D. Ga. 2009) (granting stay and noting "[t]he Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule for the convenience of parties and witnesses and in the interests of justice"). In determining whether to grant a motion to stay pending resolution of a Rule 12 motion, a court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. *David v. United States*, No. 8:19-cv-2591, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020); *McCabe*, 233 F.R.D. at 685. Generally, because

discovery is not relevant to facial challenges to a complaint, avoiding the cost and expense of discovery while such a motion is pending constitutes "good cause" for staying discovery. *See Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) (holding "the district court properly stayed discovery pending a ruling on the legal sufficiency of [the] complaint because there was no 'need for discovery before the court rule[d] on the motion.'") (internal citations omitted).

### III.   ARGUMENT

**A.   The Dispositive Motions Raise Meritorious Challenges to the Complaint That Outweigh any Harm Produced by a Short Delay in Discovery.**

The Court should stay discovery pending resolution of the Dispositive Motions because such motions do not necessitate any discovery, and the parties should not be required to expend any time, energy, and resources propounding and responding to discovery requests, and conducting depositions regarding claims unlikely to survive based on factual insufficiency. As explained, it is well-settled that motions challenging the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim, do not necessitate discovery, and should be resolved before discovery begins. *Chudasama,* 123 F.3d at 1367 (holding "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."); *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981) (finding "[d]iscovery should follow the filing of a well-pleaded complaint" as "[i]t is not a device to

5

enable a plaintiff to make a case when his complaint has failed to state a claim."). Importantly, and as the Eleventh Circuit has noted, resolving such motions before discovery has started eliminates the "unnecessary costs to the litigants and to the court system." *Chudasama,* 123 F.3d at 1368. "Conversely, delaying ruling on a motion to dismiss until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Id*.

Here, discovery should not proceed until the Court resolves the Dispositive Motions because Plaintiff's Amended Complaint is not well-pled, is based entirely on vague, conclusory statements and wholly fails to allege any factual allegations to support her causes of action. Moreover, any further amendment of Plaintiff's Amended Complaint would be futile because her claims are legally deficient from the start. Permitting discovery at this time would only serve to enable Plaintiff to engage in a fishing expedition to search for facts to make a case even though the Amended Complaint fails to state a claim. As a result, the Dispositive Motions are sufficiently meritorious to impose a stay. *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact).

Additionally, the harm to Plaintiff from a short delay in discovery is insignificant. On the contrary, if the Dispositive Motions are ultimately granted, Defendants would incur significant unnecessary expenses associated with written discovery, depositions, expert witnesses, and potential, future discovery motions. Because the Dispositive Motions raise meritorious arguments, and the harm to Plaintiff from delay of discovery would be insignificant, discovery should be stayed pending resolution of the Dispositive Motions.

**B.     The Dispositive Motions Will Dispose of All of Plaintiff's Claims Against the Defendants.**

The Eleventh Circuit has specifically cautioned against allowing a case to proceed through discovery and pretrial procedures when the plaintiff has stated a potentially invalid claim: "[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (citing *Chudasama*, 123 F.3d at 1367). "[T]he court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." *Id*. (internal citations omitted).

Plaintiff's claims against Defendants are particularly doubtful. As discussed above, and more thoroughly in the pending Dispositive Motions, Plaintiff has failed to allege any facts to support her claims and made no attempt to distinguish which causes of action were brought against each Defendant. It is precisely for cases like

this that the Eleventh Circuit cautions courts to resolve dispositive Rule 12 motions prior to the continuation of discovery. *See, e.g., Chudasama*, 123 F.3d at 1367. Because there is a strong likelihood that the Dispositive Motions will dispose of all of Plaintiff's claims against Defendants, the Court should stay discovery pending resolution of the Dispositive Motions.

## IV.     CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court stay discovery of this case as to the Defendants pending a decision on their Dispositive Motions, and for any additional relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that, before filing this Motion, counsel for Trans Union sent correspondence to Plaintiff about the relief sought herein via electronic mail on October 22, 2025. Plaintiff did not respond to the request for conferral .

Dated: October 24, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Victor Silva, Esq.* <br> Victor Silva <br> Fla. Bar No.: 1059856 <br> Buchanan Ingersoll & Rooney PC <br> 401 E. Jackson Street, Suite 2400 <br> Tampa, FL 33602-5236 <br> Tel: 813-222-1155 <br> Fax: 813-222-8189 <br> Email: victor.silva@bipc.com <br> *Counsel for Defendant Trans Union, LLC* <br><br> GREGORY W. KEHOE <br> United States Attorney <br><br> */s/ Phillip R.S. Ragler, Esq.* <br> PHILLIP R.S. RAGLER <br> Assistant United States Attorney <br> USAO No. 181 <br> 400 W. Washington St., Ste. 3100 <br> Orlando, Florida 32801 <br> Telephone: (407) 648-7500 <br> Facsimile: (407) 648-7588 <br> Phillip.Ragler@usdoj.gov <br> *Counsel for Federal Defendants* | */s/ Paige Vacante, Esq.* <br> Paige Vacante <br> Florida Bar No. 1019135 <br> SEYFARTH SHAW LLP <br> E-mail: pvacante@seyfarth.com <br> 233 South Wacker Drive Suite 8000 <br> Chicago, Illinois 60606 <br> Phone:    (312) 460-5000 <br> *Counsel for Defendant Equifax Information Services, LLC* <br><br> */s/ Gary Sonnenfeld, Esq.* <br> Gary Sonnenfeld <br> Florida Bar No. 53261 <br> TROUTMAN PEPPER LOCKE LLP <br> 1001 Haxall Point <br> Richmond, Virginia 23219 <br> Telephone: (804) 697.1266 <br> Facsimile: (804) 697.1339 <br> Email: gary.sonnenfeld@troutman.com <br> *Counsel for Experian Information Solutions, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Victor Silva, Esq.*
**Counsel for Defendant Trans Union, LLC**